BIRDIE H. SURUT, Respondent, *v.* HENRY SURUT, Appellant.

First Department, April 30, 1920.

**Husband and wife — separation — temporary alimony — modification of amount payable — restitution by wife — sequestration of husband's property.**

Where an order for temporary alimony pending an action for separation has been modified by reducing the amount, the husband is not entitled to receive back from his wife by way of restitution the excess paid under the original order, especially where it appears that the wife has spent the moneys received and has no means by which to restore any portion of them.

But an order sequestering the property of the husband for failing to pay alimony after said modification of the amount thereof will be vacated upon the condition that he pay the arrearages with costs and disbursements.

APPEAL by the defendant, Henry Surut, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of March, 1920, directing the sequestration of the property of the defendant for failure to pay alimony *pendente lite*, and appointing a receiver of the same.

*Irving S. Dorf* of counsel [*Goldfogle & Dorf*, attorneys], for the appellant.

*Leo R. Brilles* of counsel [*House, Grossman & Vorhaus*, attorneys], for the respondent.

GREENBAUM, J.:

The action is for separation and has not yet been tried. The undisputed facts are as follows: On June 27, 1919, the Special Term made an order awarding $350 monthly alimony and $500 counsel fee. Upon appeal to this court the order was modified on October 17, 1919, by reducing the alimony to $200 monthly. (189 App. Div. 890.) Defendant paid $350 monthly under the original order, but upon the modification thereof by this court he ceased to pay alimony, claiming that he was entitled to restitution of the excess of $150 monthly theretofore paid by him under the first order.

In other words, he claims that the Appellate Division order related back to the time when the original order was made.

The only authority which has been found in which the question of restitution of alimony moneys was involved is *Mullin* v. *Mullin* (60 N. H. 16) in which the original decree in a matrimonial action was modified by striking out an allowance for alimony and directing, under the practice prevailing in New Hampshire, restitution.

In affirming the order amending the decree the court held, *inter alia*, that it had the power to grant a writ of restitution in cases where damages erroneously awarded by the court below had been paid by a defendant, and it concluded its opinion as follows: " We are unable to conceive of any reason why a judgment in a divorce suit should bear an exceptional character." It is to be noted that the court did not consider the question of temporary alimony nor the question of restitution where it appeared that a wife was not able to return moneys paid to her under an order which is subsequently reversed.

In the absence of statutory provisions covering the case, the rights of the parties must be determined under common-law rules, having due regard to the principles of public policy arising out of the marriage relationship and of the obligations of the husband thereunder.

The right to alimony does not exist by virtue of a contract, but rests upon public policy recognized in law, which requires a husband to support his wife and children. (*Wetmore* v. *Markoe*, 196 U. S. 68; *Romaine* v. *Chauncey*, 129 N. Y. 566.)

In considering the question it must be borne in mind that the alimony awarded was not in the nature of a judgment, but merely a temporary or interim provision for the support of the plaintiff and her child until the determination of the action, subject to modification from time to time.

In *Galusha* v. *Galusha* (138 N. Y. 272, 284), which was brought, *inter alia*, to set aside a deed of separation, the court said: " The plaintiff cannot be required to restore to the defendant what she may have received as a condition of obtaining the relief which she seeks. The compensation she has received is simply the equivalent of the support which the defendant was legally bound to provide for her while the

marriage relation continued, and which he was equitably bound to furnish when it was dissolved because of his infidelity to it."

Further on in the same opinion it is stated: " The rule which requires a party seeking to rescind a contract on the ground of fraud or other wrong, to restore or offer to restore the fruits of it before rescission will be decreed has no application here."

In *Hungerford* v. *Hungerford* (161 N. Y. 550, 553), which was an action brought to set aside an agreement between husband and wife, it was stated: " In such an action, ordinarily, the court would require a return by the wife of what she had received from her husband's estate, so far as it was in her power to make restoration; but to go beyond this and require the wife, as a condition for relief, to return what she had already expended for her support, would practically abrogate the rule that contracts between husband and wife are only upheld where they are fair and equitable."

That case was cited and followed in *Winter* v. *Winter* (191 N. Y. 462, 474), where the court said: " If it should turn out that the provision for the support of the wife was inadequate and that she accepted it unadvisedly and imprudently, a court of equity has power to set it aside upon restitution to the husband of so much of the consideration as the wife had not already expended for her own support."

By parity of reasoning the payment of alimony is not like the payment of a debt arising out of an ordinary contractual relationship. When alimony *pendente lite* is granted it is upon the theory that the obligation of the husband is to support his wife during the pendency of the action. The order granting temporary alimony is merely an instrumentality for enforcing this obligation and until modified or vacated the order fixes the amount to which the wife is entitled. It may be, if the wife were in a position to refund the excess, the rule recognized in the cases above quoted might apply.

In this case, however, it appears as matter of fact that the wife has spent all the money that she received under the order of the Special Term and that she is devoid of any means by which to restore any portion of it.

It follows that the order must be affirmed, with ten dollars

costs and disbursements, with a provision, however, in the order to be entered hereon that the defendant may have thirty days after service upon his attorney of notice of entry of said order within which to pay the arrearages of alimony, costs and disbursements, and upon proof of such payments an order may be entered at Special Term vacating the order of sequestration.

DOWLING, LAUGHLIN, SMITH and MERRELL, JJ., concur.

Order affirmed, with ten dollars costs and disbursements, with provision as to payment of arrearages of alimony and vacating order of sequestration as stated in opinion. Settle order on notice.