MAY PINCUS, Plaintiff, *v.* ALEXANDER H. PINCUS, Appellant. OTTO A. SAMUELS, Respondent.

First Department, November 28, 1924.

**Husband and wife — divorce — counsel fee — application for summary restitution of counsel fee paid to plaintiff's attorney under order subsequently reversed — counsel fee was paid, under protest and without prejudice to appeal from order granting it, in order to permit defendant to proceed to trial — attorney for plaintiff is directed to return amount of fee.**

An attorney for the plaintiff in an action for divorce is summarily directed to return to the defendant the amount of a counsel fee, since it appears that the fee was paid under protest and without prejudice to an appeal from the order granting it; that the order granting the fee forbade the trial of the action so long as it was unpaid; that the defendant, in order to proceed with the trial,

paid the sum under protest; and that subsequently the order granting the fee was reversed on appeal. The court has the power to compel the summary restitution of the fee and the defendant is not relegated to an action.

APPEAL by the defendant, Alexander H. Pincus, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of July, 1924, denying his application for summary restitution of $2,500, a counsel fee which the plaintiff's attorney, Otto A. Samuels, obtained by means of an order granted on the 23d day of May, 1924, and reversed by the Appellate Division on the 2d day of July, 1924 (210 App. Div. 100), and also from an order, made on the 8th day of September, 1924, after a reargument of the application for summary restitution, which modified said first-mentioned order by providing that the denial of the defendant's right to summary restitution should be without prejudice to an action to recover the amount.

*Abraham A. Silberberg,* for the appellant.

*Otto A. Samuels* [*Jack Lewis Kraus II* of counsel], for the respondent.

MARTIN, J.:

The plaintiff sued for an absolute divorce, and applied to the court for a counsel fee to pay her attorney. By an order dated May 23, 1924, the court granted the application.

Prior to the entry of that order defendant applied for an order directing a jury trial of the charge of adultery through framed issues. The issues so framed were directed to be tried before a jury on June 6, 1924. The defendant expected the case to appear for trial on that day but knew he could not proceed because of a clause in the order of May 23, 1924, which granted the plaintiff's original application for a counsel fee and which was afterwards reversed by this court. That clause is as follows: " It is further ordered that framed issues or any other issues in this action shall not be tried as long as any alimony or counsel fee is due and unpaid."

On May 27, 1924, the defendant appealed to this court from the order granting the counsel fee and the appeal was prosecuted with all possible dispatch.

On June 4, 1924, two days before the date fixed for the trial of the framed issues, the defendant's attorney sent to Mr. Samuels $2,500 with the following letter:

" Herewith I am sending to you under protest on behalf of Mr. A. H. Pincus, defendant in an action now pending in the Supreme

Court in this county, brought by May Pincus against him, and without prejudice to the appeal now pending from the order made * * * in said action, and by reason of the mandatory directions contained in said order, and by reason further of the special provisions set forth in said order, by which a trial of all issues in this action is prohibited unless alimony and counsel fee directed to be paid by said order, are paid, the following checks:

" 1. Check dated June 4th, 1924, drawn by A. H. Pincus on the Mutual Bank payable to Otto Samuels, for $2,500.

" 2. Check dated June 4th, 1924, drawn by A. H. Pincus on the Mutual Bank payable to Mrs. May Pincus for $1,866.68."

The same letter included the following request: " Will you kindly acknowledge receipt of the enclosed, and make note of the condition coupled with the enclosed checks that the amounts are being sent without prejudice to the appeal and under protest, and only because the court directed payment, and without payment, Mr. Pincus could not get an opportunity to try the issues involved."

The appeal from the order of May 23, 1924, which granted the application for the payment of a counsel fee and prohibited the trial of the framed issues as long as the counsel fee remained unpaid, was heard on June 13, 1924. On July 2, 1924, this court reversed that order and denied the application for the payment of a counsel fee.

The reversal of that order should have been sufficient notice to counsel to return the fee.

A demand for its return was first met with a plea for time but thereafter the attorney refused to return the amount which he had received.

The defendant then asked the court to direct summary restitution of the $2,500 which the attorney had concededly received and was met with the assertion that he should not be directed to repay the $2,500, so paid to him, because he had rendered services to the plaintiff and because the plaintiff's trial counsel and all of Mr. Samuels' other associates are of the opinion that the plaintiff will prevail upon the trial of this action.

The defendant answered that (1) the services rendered by Mr. Samuels did not affect the defendant's right to have restitution of the $2,500; (2) that the attorney obtained the $2,500 by means of an order that was irregular in form, in that the direction was for payment to the attorney instead of to the plaintiff; (3) that the attorney received the $2,500 subject to the defendant's rights on the appeal from the order dated May 23, 1924, and that he is answerable for the full amount paid to him irrespective of what he paid to others; and (4) that a summary order directing restitution

of the $2,500 should follow this court's determination that a counsel fee should not have been ordered in the first instance..

The argument is now advanced that the court is without power to compel a return of this fee.

In *Forstman* v. *Schulting* (108 N. Y. 110) Chief Judge RUGER effectively disposed of that contention, when he said: " It has been the uniform practice of the courts to exercise summary jurisdiction over the conduct of parties and attorneys, in actions pending in court, and enforce obedience to orders and directions made by it, in the interest of fair dealing and honesty, to protect all parties or persons whose rights have been affected by the litigation. Both parties and attorneys who, through the aid of the court, have come into possession of property or money during a litigation, which subsequent proceedings in the action show was either wrongfully acquired, or unjustly retained, may be compelled to restore it to the rightful owner by order and attachment to enforce such restoration."

In *Haebler* v. *Myers* (132 N. Y. 363, 368) Judge VANN said: " ' When money is collected upon an erroneous judgment which, subsequent to the payment of the money, is reversed, the legal conclusion is irresistible that the money belongs to the person from whom it was collected.' This principle was recognized by the Supreme Court of the United States in *United States Bank* v. *Bank of Washington* (6 Peters, 8),* where it was declared that ' on the reversal of a judgment the law raises an obligation in the party to the record, who has received the benefit of the erroneous judgment, to make restitution to the other party for what he has lost,' and that he might proceed by action, *scire facias,* or order.   The authorities uniformly support this position and out of many that might be cited the following are sufficient to illustrate the subject: [*Sturges* v. *Allis,* 10 Wend. 355; *Maghee* v. *Kellogg,* 24 id. 32; *Norton* v. *Coons,* 3 Den. 130; *Langley* v. *Warner,* 1 Sandf. 209; *Lott* v. *Swezey,* 29 Barb. 87, 88; *Kidd* v. *Curry,* 29 Hun, 215; *Wright* v. *Nostrand,* 100 N. Y. 616; *Travelers' Ins. Co.* v. *Heath,* 95 Penn. St. 333.] "

There is a well-recognized distinction between alimony and counsel fee.   It is well stated in *Averett* v. *Averett* (110 Misc. 584; affd., 191 App. Div. 948).

We are of the opinion that the motion should have been granted at Special Term.   (*Goepel* v. *Robinson Machine Co.,* 122 App. Div. 26; *Mossein* v. *Empire State Surety Co.,* 117 id. 820.)

So that there may be no question about the effect of the order of this court, the attorney will be directed to return forthwith the $2,500 retained by him.

---

* *Bank of United States* v. *Bank of Washington* (6 Pet. 8).— [REP.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

Clarke, P. J., Dowling, Finch and McAvoy, JJ., concur.

Orders reversed, with ten dollars costs and disbursements against the respondent, and motion for summary restitution granted, with ten dollars costs. Settle order on notice.