Carswell, J.
Plaintiff brought an action for a separation and moved for counsel fee and alimony pendente lite. On August 28, 1945, an order was entered granting her motion and awarding her alimony at the rate of $120 a week, and a counsel fee of $1,000, one half payable within two weeks and the balance when the case “ is reached for trial.” Defendant served a notice of appeal from this order on September 12, 1945. He did not prosecute the appeal and began making the required payments on October 1, 1945.
On January 7, 1946, defendant served an amended answer which set out a counterclaim. The case was reached for trial about April 1, 1946, and the balance of the counsel fee was then paid. The defendant prevailed on the trial as to the issues presented by the complaint. We are not definitely advised how the issues raised by the counterclaim were decided. No judgment has been entered.
On May 7, 1946, plaintiff moved to dismiss the appeal from the intermediate order on the ground that the questions involved were academic and moot, and for such other relief as might be deemed just and proper. She urged that the defendant had abandoned his appeal by inaction during a period of nearly nine months and pointed out that a reversal or modification on appeal of the order in question would have no practical effect because the disposition on the trial had terminated the payments under the order. This motion was denied, with leave to renew on the argument of the appeal from the order. (270 App. Div. 1038.) The appeal itself is now here and the motion has been renewed
*109 The defendant insists that the appeal is not academic because he would be entitled to restitution of the moneys paid by him if the order were reversed. He insists there is no authority that alimony so paid “ is not returnable under the circumstances of this appeal.” He also asserts that in such cases as plaintiff relies upon the language to the contrary is dicta. However, there are controlling authoritative cases..
Defendant’s contention stems from a disregard of fundamentals respecting the origin and true nature of an award of alimony. The marriage relation is created by contract of the parties thereto, but the parties do not determine the scope of the obligations arising from the marriage status. The State does that in the enforcement of its public policy. (Goldman v. Goldman, 282 N. Y. 296, 299.) The legislative declaration of public policy is contained in section 1169 of the Civil Practice' Act. That public policy requires, in the specified instances, that support pendente lite be given to a wife, that is, pending the determination of her claim to permanent support, which arises from the marriage status, if the court finds a condition of necessity exists for the awarding of such temporary support. An award of temporary alimony rests on and grows out of a showing of necessity. The award is not in the nature of a judgment; it is merely a temporary provision resting on public policy which exacts support from the husband pending a determination of conflicting contentions respecting permanent support. Its nature and purpose negatives the existence of a right to restitution, such as would exist if it were a judgment, or to recoupment, in the absence of a statute giving such a remedy. It may not be recovered by a husband directly by restitution, or indirectly by recoupment. It has been so held in respect of alimony pendente lite (Surut v. Surut, 191 App. Div. 570), and in respect of permanent alimony (Griffin v. Griffin, 219 App. Div. 370; see, also, 27 O. J. S., Divorce, § 215). The appeal, therefore, so far as concerns alimony, is academic.
A distinction, however, has been made between alimony and counsel fees. The basis for such a distinction has .not been made clear, but it has been enforced and a counsel fee directed to be returned. (Pincus v. Pincus, 211 App. Div. 128.) But the Pincus case is of no avail to the appellant because he has unreasonably delayed the prosecution of the intermediate appeal; and, therefore, under the general grounds invoked in the motion, the appeal should be dismissed on this phase.
*110 As the motion to dismiss must be granted, we do not reach for decision the merits of the appeal, but an examination of them indicates that viewed in prospect, as of the day the motion was argued, and not in retrospect as a consequence of what happened on the trial, the granting of the motion and the making of the order were not improvident.
The motion to dismiss the appeal should be granted, with $10 costs, and the appeal dismissed, with $10 costs and disbursements.
Lewis, P. J., Adel, Aldbich and Nolan, JJ., concur.
Respondent’s motion, renewed by permission on the argument of the appeal, is granted, with $10 costs, and the appeal is dismissed, with $10 costs and disbursements.