654

FLORENCE KORMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 79200.    Filed July 10, 1961.

*Richard B. Dannenberg, Esq.*, for the petitioner.
*Edward H. Hance, Esq.*, for the respondent.

OPINION.

RAUM, *Judge:* Respondent determined a deficiency in income tax in the amount of $480 for the year 1955. The facts have been stipulated.

Petitioner and Jerry Korman were married in Paterson, New Jersey, on September 21, 1941. Since April 30, 1950, they have been living separate and apart. In July 1954, Jerry instituted an action for absolute divorce in the Supreme Court of the State of New York, County of New York. Petitioner interposed a counterclaim for a legal separation on the ground of abandonment, and, on July 19, 1954, filed a motion for temporary alimony. On August 13, 1954, the court issued an order directing Jerry to pay petitioner during the pendency of the action $75 per week for her support and for the support, maintenance, and education of the infant issue of the marriage. Pursuant to this order petitioner received $75 a week from January 1, 1955, to October 25, 1955, or a total of $3,150.

On November 2, 1955, the New York court dismissed Jerry's action and granted petitioner a legal separation. The judgment ordered Jerry to pay permanent alimony in the amount of $85 a week commencing October 25, 1955. During the period October 25, 1955, to December 31, 1955, petitioner received $850 as permanent alimony. She concedes that this amount is includible in her taxable income.

The sole issue is whether respondent erred in including the $3,150 temporary alimony in petitioner's taxable income for 1955. Respondent contends that it is includible in her income under section 71(a)(3) of the Internal Revenue Code of 1954,[1] and Treasury regu-

---

[1] SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS.
   (a) GENERAL RULE.—
      (1) DECREE OF DIVORCE OR SEPARATE MAINTENANCE.— * * *
      (2) WRITTEN SEPARATION AGREEMENT.— * * *
      (3) DECREE FOR SUPPORT.—If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly.

lations section 1.71–1(b)(3)(i). (T.D. 6270, 1957–2 C.B. 56, 59.) [2]

Petitioner does not deny that the payments in issue are covered by the regulations as alimony received "under any type of court order * * * (including an interlocutory decree of divorce or a decree of alimony pendente lite)." She argues, however, that there is no valid basis for that interpretation of the statute. We disagree.

The statutory provisions here involved, section 71(a)(3) of the 1954 Code, have no counterpart in prior law. Section 22(k) of the 1939 Code dealing with this general subject was limited to alimony or separate maintenance payments received under "a decree of divorce or of separate maintenance" or "under a written instrument incident to such divorce or separation." To the extent relevant these latter provisions were incorporated without substantial change in section 71(a)(1) of the 1954 Code; but paragraphs (2) and (3) of section 71(a) undertook to require like treatment of two categories of payments not theretofore covered by the 1939 Code. Thus, section 71(a)(2) deals with periodic support payments received by a wife under a written separation agreement, regardless of whether such agreement is incident to a court decree. And under section 71(a)(3), here involved, the wife who is separated from her husband must account for payments which her husband is required under a decree to make for her support or maintenance; no longer are such payments to be excluded from her taxable income because they are not made under a decree of divorce or legal separation.

The provisions of (a)(2) were included in the bill passed by the House, and they were accepted with some modification by the Senate, which also added (a)(3). The report of the Senate Finance Committee relating to section 71 reads as follows:

A. *Alimony and Separate Maintenance Payments (sec. 71)*

(1) *House changes accepted by committee*

Present law taxes to a recipient and allows the payor a deduction for periodic alimony or separate maintenance payments if the payments are a legal obligation imposed by a court decree or by a written agreement incident to a decree.

---

[2] Treasury regulations sec. 1.71–1:

(b) *Alimony or separate maintenance payments received from the husband.—* * * *

\* \* \* \* \* \* \*

(3) *Decree for support.—*(i) Where the husband and wife are separated and living apart and do not file a joint income tax return for the taxable year, paragraph (3) of Section 71(a) requires the inclusion in the gross income of the wife of periodic payments (whether or not made at regular intervals), received by her after August 16, 1954, from her husband under any type of court order or decree (including an interlocutory decree of divorce or a decree of alimony pendente lite) entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. It is not necessary for the wife to be legally separated or divorced from her husband under a court order or decree; nor is it necessary for the order or decree for support to be for the purpose of enforcing a written separation agreement.

Attention has been called to the fact that the present treatment discriminates against husbands and wives who have separated although not under a court decree.

For this reason both the House bill and your committee's bill extend the tax treatment described above to periodic payments made by a husband to his wife under a written separation agreement even though they are not separated under a court decree if they are living apart and have not filed a joint return for the taxable year.

(2) *Changes made by committee*

Your committee made two changes in the House provision relating to alimony and separation payments. It provides that the treatment described above is to be effective only with respect to written separation agreements executed after the date of enactment of this bill. It also provides that this treatment is to be applicable where a wife is separated from her husband if she receives periodic payments from him *under any type of decree* (entered after the date of enactment of this bill) requiring the husband to make payments for her support and maintenance.

Your committee made the first of these 2 amendments in order to prevent the upsetting of arrangements which already have been worked out with the understanding that the wife would not include the payments in her income. In such cases it appears probable that tax effects were taken into account in determining the size of the payments. *The second amendment was made by your committee to cover cases where amounts made under a court decree for support have not been called separate maintenance payments. So long as the husband and wife are separated and not filing a joint return it would appear that the tax effect in such cases should be the same as in the case of a decree of separate maintenance.* [Italics supplied. S. Rept. No. 1622, 83d Cong., 2d Sess., pp. 10–11.]

To the same effect see Senate Finance Committee's "Detailed discussion of the technical provisions of the Bill [H.R. 8300]," page 171.

Although it is true, as petitioner points out, that no specific mention is made of alimony pendente lite as such, it seems clear that it was the purpose of Congress to include all support payments made pursuant to judicial sanction where the spouses were in fact living apart. Congress was obviously endeavoring to treat all such payments alike and we should not reach out for an interpretation that would defeat that purpose by giving different treatment to alimony pendente lite.

Alimony is founded "on the natural and legal duty of the husband to support the wife. The general obligation to support is made specific by the decree of the court of appropriate jurisdiction. Generally speaking, alimony may be altered by the court at any time, as the circumstances may require." *Wetmore* v. *Markoe*, 196 U.S. 68, 73. "When alimony *pendente lite* is granted, it is upon the theory that the obligation of the husband is to support his wife during the pendency of the action. The order granting temporary alimony is merely an instrumentality for enforcing this obligation, and until modified or vacated the order fixes the amount to which the wife is entitled." *Surut* v. *Surut*, 191 App. Div. 570, 181 N.Y. Supp. 631, 633. The wording of section 71(a)(3) is broad enough to cover both

temporary alimony and so-called permanent alimony inasmuch as it taxes to the wife periodic payments received by her under a decree requiring the husband to make such payments for her support and maintenance.

We reject petitioner's position that these payments are not covered by the statute because made pursuant to a court "order" rather than a "decree." We do not believe that Congress used the word decree in any such narrow or attenuated sense. The language of the Senate Finance Committee referring to payments "under any type of decree" indicates that it was thinking in terms of the broadest type of judicial sanction requiring the husband to make the payments in question. Nowhere is there any suggestion that in attempting to broaden the scope of the prior provisions to achieve equality of treatment Congress was resorting to highly technical distinctions that would introduce new inequalities. Certainly, in the absence of some showing that Congress so intended we will not attribute any such purpose to it. A court order granting temporary alimony is a judicial determination, and it is just as efficacious when called an "order" as when called a "decree" in that it obligates the husband, until it is vacated or modified, to make support payments to his wife during the pendency of the action.

We hold that the payments in issue are covered by section 71(a)(3). We reach this result without any special reliance upon the regulations, but we add that even if the matter were less plain, a regulation not clearly inconsistent with the statute should be upheld. Cf. *Maryland Casualty Co.* v. *United States*, 251 U.S. 342, 349. And the fact that these regulations were not promulgated until 1957 is a matter of no consequence. Cf. *Helvering* v. *Reynolds*, 313 U.S. 428, 433; *Manhattan General Equipment Co.* v. *Commissioner*, 297 U.S. 129, 135. The respondent did not err in including the payments of alimony pendente lite received by petitioner from her husband during the year 1955 in her gross income for that year. Cf. *Constance B. Kirby*, 35 T.C. 306.

*Decision will be entered for the respondent.*