■ GRIGORI BARBARIANTZ v. COSMOPOLITAN MUTUAL INSURANCE COMPANY.— Application denied, with $10 costs. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.

■ SHIRLEY F. SILFEN v. BERNICE F. SIMON.— Motion to dismiss appeal granted, with $10 costs. Concur — McNally, J. P., Stevens, Eager, Steuer and Bastow, JJ.

■ ARTHUR D. EMIL v. HAMBURG HEAVEN, INC.— Motion to dispense with printing denied. Motion to dismiss appeal granted, with $10 costs, unless the appellant procures the record on appeal and appellant's points to be served and filed on or before March 6, 1962, with notice of argument for the April 1962 Term of this court, said appeal to be argued or submitted when reached. Concur — Botein, P. J., Breitel, Valente, McNally and Eager, JJ.

■ MORRIS J. SCHIFRIEN et al. v. JOHN GOLDNER.— Motion to dismiss appeal denied, with $10 costs. Concur — McNally, J. P., Stevens, Eager, Steuer and Bastow, JJ.

■ HELEN S. WEITZENKORN v. JOSEPH K. WEITZENKORN.— ■■■■■ ■■■■■■■■■■■■■■■■■■■■■ Insofar as the application sought a modification of our order — which had assessed costs and disbursements of the appeal against plaintiff-respondent — either by elimination of such provision or by a direction that the costs abide the event, we find no basis for changing our original determination. Therefore, it follows as a matter of course that we shall not compel defendant-appellant to pay plaintiff's expenses of the appeal and an additional counsel fee for her attorney on the appeal. With respect to the other matters upon which resettlement was sought, plaintiff-respondent has pursued the wrong remedy. If, as she contends, the defendant did not have the right to recoup the amounts theretofore paid in excess of the sums fixed by this court in the order of modification (see *Rosenfield* v. *Rosenfield*, 285 App. Div. 817; *Haas* v. *Haas*, 271 App. Div. 107; *Surut* v. *Surut*, 191 App. Div. 570), her remedy is to move to punish defendant for contempt; and in such a proceeding the rights of the parties can be directly adjudicated. The same applies to the claim of deduction of the excess of counsel fees paid; although, in that regard, the husband's rights may be different from those concerning the temporary alimony payments. (See *Pincus* v. *Pincus*, 211 App. Div. 128; *Ferguson* v. *Ferguson*, 29 Misc 2d 265.) Moreover, in an appropriate contempt proceeding, Special Term can decide whether the husband's actions were warranted, or whether, instead of relying upon self-help, he should have applied to the court for restitution of any sums theretofore paid in excess of our order. Finally, Special Term will be able in such a contempt proceeding, after considering all the facts and circumstances, to give adequate instructions regarding the method of collecting the costs and disbursements which we have awarded. Concur — Botein, P. J., Breitel, Rabin, Valente and McNally, JJ.