Philip H. Gillespie v. Commissioner.
Gillespie v. Commissioner
Docket No. 5290-65.
United States Tax Court
T.C. Memo 1966-181; 1966 Tax Ct. Memo LEXIS 103; 25 T.C.M. (CCH) 932; T.C.M. (RIA) 66181; August 4, 1966
*103 Deductions: Alimony payments: Lump-sum payment: Property settlement. - $2,500 of a $27,500 divorce property settlement did not amount to a lump-sum alimony payment deductible under Code Sec. 215. Dependency deductions: Children of divorced parents: Support test. - The taxpayer's claimed dependency deductions for his two sons were denied where he failed to prove that he had contributed more than one-half of their total support so as to qualify them as dependents. Dominic Ciarimboli, 127 N. Main St., Greensburg, Pa., for the petitioner. Joseph M. Abele, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency in petitioner's income tax for the year 1962 in the amount of $2,185.08. The issues we must decide are (1) whether $2,500 of a $27,500 divorce property settlement constitutes a lump sum payment of alimony in arrears which is deductible under section 215, Internal Revenue Code of 1954, [1] and (2) whether the petitioner provided over one-half of the total support of his two sons so as to qualify them as his dependents under section 152(a)(1). Findings of Fact Some of the facts have been stipulated and are so found. Philip H. Gillespie (the *105 petitioner) lives at 100 North First Street, Jeannette, Pennsylvania. He filed his individual Federal income tax return for the calendar year 1962 with the district director of internal revenue, Pittsburgh, Pennsylvania. Petitioner and Mary Elizabeth Gillespie were married in July 1945 and separated in the fall of 1958. At that time Mary moved to New York City, taking their two sons, Philip Knox and Richard with her. Petitioner paid Mary $600 a month for the support of herself and their children from the time of the separation until April 19, 1961, when he filed suit for divorce in the Court of Common Pleas of Westmoreland County, Pennsylvania. At that time petitioner reduced his monthly support to $150 which he intended for the support of Philip and Richard. On June 2, 1961, Mary filed for alimony pendente lite and such request was referred by the Common Pleas Court to a Master appointed by it. After a hearing, the Master recommended to the Court that $450 per month be awarded to Mary as alimony pendente lite. This report was presented to the Court on December 11, 1961, with the further recommendation that it be made retroactive to the date of Mary's initial request. On December 15, 1961, the *106 petitioner filed exceptions to the Master's report, but, before the Court could act, the petitioner and Mary executed two agreements on April 2, 1962. The first is entitled "Property Settlement and Order of Court" and reads, in part, as follows: NOW, THEREFORE, WITNESSETH, that for and in consideration of the sum of $27,500.00, which sum of money Philip H. Gillespie covenants and agrees to pay to Mary Elizabeth W. Gillespie, * * * the party of the second part [Mary] covenants and agrees to surrender, extinguish and release all her right, demands, claims whatsoever, legal or equitable, in and to the estate of Philip H. Gillespie, real, personal or mixed, and further, to surrender, extinguish and release absolutely his estate as aforesaid from any and all rights of inheritance which she presently has, or might have; and further, Mary Elizabeth W. Gillespie does hereby surrender, extinguish and release Philip H. Gillespie absolutely from any and all claims for her support, whether past or future, and with the intent to be legally bound hereby, Mary Elizabeth W. Gillespie waives forever any right she has or might have to bring any action for support against Philip H. Gillespie in any *107 court or jurisdiction in the United States of America. The second agreement is entitled "Stipulation and Order" and reads, in part, as follows: 1. The defendant, Mary Elizabeth W. Gillespie, agrees to withdraw her petition for alimony pendente lite and agrees to accept the sum of $80.00 in payment of traveling expenses and the sum of $84.00 for the payment of the transcript of testimony of Edwin L. McArdle, official court reporter. * * *
3. The Master's recommendation of alimony pendente lite for Mary Elizabeth W. Gillespie in the sum of $450.00 per month, retroactive to June 1, 1961, be and the same is stricken from the record and no order whatsoever for the payment of alimony pendente lite to Mary Elizabeth W. Gillespie is entered by this Court. * * *
5. Philip H. Gillespie is directed to pay to Mary Elizabeth W. Gillespie for the support and maintenance of his two minor sons, Knox Gillespie and Richard Gillespie, the sum of $3,600.00 annually, that is, $1,800.00 annually for each son, in twelve (12) equal monthly installments in advance each month, beginning the 1st day of April, 1962, and he shall also furnish suitable clothing at the cost to him of the sum of *108 $150.00 annually for each of his said children, and as well, maintain in effect hospitalization and medical payment insurance with the Blue Cross and the Blue Shield for his two sons. These agreements were approved and entered by the Court on May 23, 1962, and the petitioner was granted a divorce that same day. Pursuant to the terms of paragraph 5 of the Stipulation and Order the petitioner made eight payments to Mary of $300 each (totaling $2,400), $300 as clothing allowance and $94.08 in hospitalization insurance coverage for the support of his sons in 1962. In addition, petitioner spent $188.69 for sports and hobby equipment for the boys in 1962, and an additional $660 for food, clothing, allowances and entertainment during his visitation periods with the boys on weekends in New York and during their month-long stay with him in Jeannette in the summer. The petitioner also provided $300 for their support during the first three months of 1962 under the voluntary and informal arrangement with Mary that existed before the written agreements of April 2, 1962. [2]
*109 During 1962 Philip and Richard lived with their mother in her three and a half room apartment at 80 East End Avenue, New York City. Mary rented the apartment unfurnished for $235 per month. With the furnishings she provided, the apartment had a fair rental value during 1962 of at least $300 per month. Mary paid a maid and window washer a total of $350.10 in 1962 to assist her in maintaining the apartment. She also paid the utility bills which totaled $286.64. Mary spent $1,308.03 for food in 1962 for the boys and herself, and they incurred $141.44 in laundry and dry cleaning expenses. Mary paid the medical expenses of $93.80 for the boys and spent $499.71 for their clothes. Finally, she spent not less $400than for their miscellaneous expenses such as entertainment, transportation, allowances, haircuts and the like. The total amount provided for the support of Philip and Richard during 1962 was as follows: By petitioner: Expenses incurred during
visitation periods
$ 660.00
Sports equipment for the
boys
188.69
Hospitalization
94.08
$ 942.77
By Mary: Rent (2/3 of $3,600)
$2,400.00
Utilities (2/3 of $286.64)
191.09
Maintenance (2/3 of $350.10)
233.40
Food (2/3 of $1,308.03)
872.00
Laundry (2/3 of $144.44)
96.30
School expenses
3,009.81
Camp expenses
809.02
Medical expenses
93.80
Clothing
499.71
Miscellaneous
400.00
8,605.13
Total support
$9,547.90
*110 Petitioner provided $942.77 for direct support of his sons and $3,000 of the amount spent by Mary. She provided the remainder from her own funds. Petitioner did not provide more than one-half of the total support of his sons for the year 1962. Opinion Petitioner contends that $2,500 of the property settlement, as reflected in the agreements he signed with his former wife on April 2, 1962, is actually a lump sum settlement of arrearages in alimony pendente lite which is deductible by him. He cites Florence Korman, 36 T.C. 654 (1961), affirmed 298 F. 2d 444 (C.A. 2, 1962), and Elsie B. Gale, 13 T.C. 661 (1949), affirmed 191 F. 2d 79 (C.A. 2, 1951). The provisions of sections 71(a) and 215(a) and the regulations thereunder indicate that two requirements of deductibility, present in Korman and Gale, are missing here. To be deductible, alimony payments must be periodic and made pursuant to a divorce or separate maintenance decree or a written separation agreement. Petitioner's argument is not supported by the facts. No periodic payments of alimony were ever made by him. No decree or written agreement signed by the petitioner *111 ever fixed any amount as alimony pendente lite. Instead, the agreements executed by petitioner and his former wife specifically make that impossible, for in the property settlement Mary surrendered all claims she had for past support and withdrew her petition for the alimony pendente lite. The petitioner, in effect, is asking us to ignore the plain meaning of the language of the property settlement agreement and accept his uncorroborated testimony as to what he now says he thought was intended when the agreements were signed. It may very well be true, as he testified, that the amount of the property settlement was raised from $25,000 to $27,500 in order to settle Mary's petition for alimony pendente lite, which was then pending before the Common Pleas Court. But the agreements, which could easily have been worded to reflect this, did not designate any amount as alimony pendente lite. To the contrary, the entire $27,500 was treated in the agreements as a non-periodic lump sum payment. We cannot allow the petitioner to alter unilaterally the plain language of his agreements simply because it now appears advantageous for him to do so. Cf. Commissioner v. Lester, 366 U.S. 299 (1961). *112 The petitioner urges us to apply substance over form. We have and we believe the form used accurately reflects what happened. If, as petitioner suggests, we were to rewrite these agreements, we would be creating alimony pendente lite where none existed before. This we cannot do. We therefore hold for respondent on this issue. Our findings of fact are dispositive of the issue relating to the claimed dependency exemptions. As so often happens, the petitioner had no way of knowing the total amount spent for the support of his sons until Mary testified in this proceeding. She has provided us with varying degrees of proof as to items of support. Some were obviously incurred only for the boys and paid by Mary, as evidenced by a canceled check or receipt. The amounts covering tuition, summer camp and clothing expense are examples. Other expenses were incurred for Mary and the boys and were substantiated by check or receipt, such as the food, utility and maintenance items. We have allowed that portion of each item which was attributable to the boys. A few items were incurred for both Mary and the boys which were not fully substantiated. This category includes Mary's estimate of the fair *113 rental value of her apartment and the amounts she spent for such miscellaneous expenses as entertainment, transportation and allowances. As to such items, we have exercised our best judgment in allowing reasonable amounts in the light of the surrounding facts and circumstances. We have allowed the petitioner all the amounts he claimed as support except for the $150 shown to have been diverted to Mary for her personal use. Of the total amount ($9,547.90) spent for the support of Philip and Richard in 1962, the petitioner provided $3,942.77, which is less than half. Accordingly, respondent's determination must be sustained. Decision will be entered for the respondent. Footnotes
1. All statutory references herein relate to the Internal Revenue Code of 1954 unless otherwise indicated.↩
2. The evidence establishes that petitioner paid $450 in this manner, but the funds went into Mary's account and were used two-thirds for the boys and one-third for herself.↩