Toby J. Lerner v. Commissioner.
Lerner v. Commissioner
Docket No. 2400-70 SC.
United States Tax Court
T.C. Memo 1971-190; 1971 Tax Ct. Memo LEXIS 142; 30 T.C.M. (CCH) 783; T.C.M. (RIA) 71190; August 4, 1971, Filed Toby J. Lerner, pro se, 44-59 Kissena Blvd., Flushing, N. Y. Harvey R. Poe, for the respondent. INGOLIA
Memorandum Findings of Fact and Opinion INGOLIA, Commissioner: The respondent determined a deficiency in the petitioner's income tax for the calendar year 1967 in the amount of $205.49. The issue before the Court is whether payments of $30 a week totalling $1,170 made by the petitioner's former husband constituted income to the petitioner under section 71(a)(3) of the Internal Revenue Code of 1954. [1]
Findings of Fact Toby J. Lerner (hereinafter referred to as the petitioner) resided in Flushing, New York, at the time *143 the petition was filed in this case. She filed her 1967 income tax return with the District Director of Internal Revenue at Brooklyn, New York. In 1941 the petitioner married Michael Lerner. They have a son, Jack. In 1964 the petitioner separated from her husband. In 1965 she brought an action for support against him in the Queens County Family Court of the State of New York. On May 27, 1965, the Court ordered petitioner's husband to pay $60 per week "for and toward the support of Toby Lerner and aforementioned child". Mr. Lerner paid this amount until 1967 when it was reduced to $30 per week. On September 18, 1967, the petitioner and her husband entered into a separation agreement. It provided, in part, that: "6. Husband, during his lifetime, agrees to pay to Wife, the sum of THIRTY ($30.00) DOLLARS per week, on Tuesday of each week, until Wife's death or remarriage whichever sooner occurs, such payments being for Wife's support and maintenance." The agreement did not contain any provision for the support and maintenance of the petitioner's son on any regular basis. However, it did provide that: "10. Husband agrees to pay to his son, JACK B. LERNER, the sum of $500.00 on *144 January 1, 1968, towards said son's senior college year expenses. 11. Depending upon Husband's financial circumstances, Husband shall render every possible financial assistance to his son JACK B. LERNER, if required, until said son attains the age of 25 years." On October 9, 1967, petitioner's husband obtained a divorce from her in the First Civil Court of the Bravos District, State of Chihuahua, Republic of Mexico. The separation agreement was incorporated into the divorce decree. In her 1967 tax return, petitioner reported as income those payments she received from her former husband 784 from the date of the separation agreement, totalling $390 ($30 per week for 13 weeks). She did not report those payments received from January 1, 1967 through September 17, 1967, totalling $1,170 ($30 per week for 39 weeks). The respondent included the $1,170 in petitioner's income. Opinion Section 71(a)(3) provides that if a wife receives periodic payments from her husband after March 1, 1954, under a decree for support, such payments are includable in her gross income. Section 71(b)[2] makes section 71(a)(3) inapplicable to any part of the payments which the terms of the decree "fix" *145 as being payable for the support of minor children of the husband. In Commissioner v. Lester, 366 U.S. 299, (1961), aff'g 279 F. 2d 354, which had reversed 32 T.C. 1156, the Supreme Court traced the evolution of section 71(b)[3] and the meaning of the word "fix" as used in the statute. It stated: "The agreement must expressly specify or 'fix' a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that 'a sufficiently clear purpose' on the part of the parties is sufficient to shift the tax. It says that the 'written instrument' must 'fix' that 'portion of the payment' which is to go to the support of the children. Otherwise, the wife must pay the tax on the whole payment. We are obliged to enforce this mandate of the Congress."; and, in quoting from the report of the Office of the Legislative Committee to the Senate Finance Committee: "If an amount is specified in the decree of divorce attributable to the support of minor children, that amount is not income of the wife… If, however, that amount paid *146 the wife includes the support of children, but no amount is specified for the support of the children, the entire amount goes into the income of the wife…" In the instant case the Order specified that the payments were to be made "for and toward the support of Toby Lerner and aforementioned child". It did not "fix" any amount of money or any specified part of the payment as being for the support of the petitioner's child. Consequently, since under the decision in Lester, supra, there is no basis for restricting *147 the application of section 71(a)(3), all of the payments are includable in the petitioner's gross income. This is so even though the payments may have been intended as child support and may have actually been so used. The fact that the original Order provided for payments of $60 which were later reduced to $30 does not aid the petitioner's case. The record is devoid of any evidence indicating that the language of the original Order was changed insofar as the purpose of the payments is concerned. Indeed, since the payments were reduced in late 1966 or 1967 and the separation agreement, executed in the same year, provided for support payments for the petitioner and not her son, it would appear that the payments were not even intended as child support. Finally, the fact that an "Order" rather than a "Decree" was involved and that the petitioner was neither legally separated nor divorced from her husband when the payments in question were made, will not preclude the application of section 71 (a)(3). Constance B. Kirby, 35 T.C. 306 (1960); Florence Korman, 36 T.C. 654 (1961), aff'd 298 F. 2d 444, (C.A. 2, 1962). Reviewed and adopted as the report *148 of the Small Tax Case Division. Decision will be entered for the respondent. 785 Footnotes
1. All section references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩
2. SEC. 71(b)↩ PAYMENTS TO SUPPORT MINOR CHILDREN. - Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support. 3. Section 71 was formerly section 22(k) of the Internal Revenue Code of 1939↩.