## Commonwealth to use, Appellant, *v.* Foltz.

*Husband and wife—Order for support—Default in payment—Divorce.*
Where a husband has entered his own recognizance in the court of quarter sessions under an order of court to pay his wife a weekly sum and after certain payments, defaults, and subsequently the wife obtains an absolute divorce, the wife may recover in a suit brought in the name of the commonwealth to her own use upon her husband's recognizance the sum of the weekly payments due her up to the date of the decree in divorce.

Argued April 10, 1912. Appeal, No. 33, April T., 1912, by plaintiff, from order of C. P. No. 4, Allegheny Co., Second Term, 1911, No. 69, discharging rule for judgment for want of a sufficient affidavit of defense in case of Commonwealth to use of Retta Foltz. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Assumpsit on a bond.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the facts.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*W. S. Maxey,* for appellant.—The contention of the plaintiff is that Retta Foltz was the legal wife of the defendant up to the date of the granting of divorce on June 6, 1910, and that she had the right even though a divorce had been granted, to compel the defendant to comply with the order of court and the terms of his recognizance notwithstanding the decree of divorce: Respublica v. Cobbet, 3 Dall. 467; Com. v. Gray, 26 Pa. Superior Ct. 110; Berkstresser v. Com., 127 Pa. 15; Com. v. Snyder, 1 Pa. Superior Ct. 286; Com. v. DeBurt, 7 Pa. Superior Ct. 230.

*A. M. Thompson,* of *Gray, Thompson & Rose,* for appellee.—Nonsupport proceedings are proceedings in which the public have a primary interest, in order that a deserted wife and children may not become public charges. Therefore, if such an order is not enforced until a long period of time has elapsed and the person for whose benefit it has been made, has in the meantime secured subsistence from other quarters, there is a cessation of liability for the past: Chase v. Chase, 15 Pa. Dist. Rep. 131; Parfrey v. Parfrey, 2 C. P. Rep. 257.

OPINION BY ORLADY, J., July 18, 1912:

The defendant and use. plaintiff were married in 1894. In 1909, proceedings were instituted in the court of quarter sessions of Allegheny county against the husband on a charge of desertion and nonsupport of the wife and two minor children, and on May 22, 1909, after a full hearing the husband was ordered to pay his wife $5.00 per week and enter into his own recognizance for the

future payments thereof. He complied with this order by entering into the recognizance in form and use in such cases, and, as set out in his affidavit of defense, paid "on account of said order at various times in payments aggregating the sum of $170." After refusing to make further payments for about two years, the wife instituted this action of assumpsit, on the recognizance given by the husband, to recover the amount of $120, with interest from June 6, 1910. That date is fixed for the reason that on that day the wife secured a decree in divorce on the ground of desertion, from her husband in the court of common pleas of Lawrence county, Pa., which decree is in the usual form and contains the following provision, viz.: "And that therefore all and every, the duties, rights, and claims accruing to either the said Retta Foltz or the said H. C. Foltz, at any time heretofore, in pursuance of said marriage, shall cease and determine."

The defendant urges as a defense to this action of assumpsit that by reason of the decree of divorce made in the court of common pleas of Lawrence county, he is relieved from any obligations under the order made in the court of quarter sessions of Allegheny county, for the reason "that the earlier order was made solely for the purpose of providing the necessaries of life for his wife and children and that the order cannot be enforced for the breach of the condition in his recognizances during the time which such necessaries of life and funds for sustenance have been provided for the claimant from other sources." The court below discharged the rule for judgment for want of sufficient affidavit of defense. No authority is furnished us to sustain this conclusion. The recognizance was a valid one and voluntarily entered into. The payments thereon provided for the support and maintenance of the wife and children; not as alimony or expenses pendente lite. The payments provided for were clearly defined and the amount could be liquidated at any time. The only defense to such a recognizance is payment in compliance with its conditions. These

were never modified by the court of quarter sessions of Allegheny county, and the decree of divorce by the court of common pleas of Lawrence county did not in the least manner affect the integrity or value of the recognizance. That others aided the deserted wife in maintaining herself and children is not in good conscience to be pleaded by the defaulting husband, who admits his own neglect of duty. Such a defense could not be tolerated. The duties, rights and claims accruing to him in pursuance of his marriage which ceased and determined with the decree of divorce, did not apply to his existing financial obligations that were legally fixed prior thereto.

The only question before us is as to the sufficiency of the affidavit of defense to this claim, and we feel that it is wholly insufficient to prevent judgment.

The assignment of error is sustained, the judgment is reversed and the record remitted with a procedendo.