DOUGLAS O. ROBERTSON, Suing for Himself as Stockholder and All Other Stockholders of MARINE TRANSIT CORPORATION, in Like Situation, Who Shall Choose to Make Themselves Parties to This Action, Appellant, v. JOHN D. SCHOONMAKER, JR., and Others, as Executors, etc., of JOHN D. SCHOONMAKER, Deceased, and Others, Defendants-Respondents, and JOHN D. SCHOONMAKER, JR., KINGSTON SHIPYARDS, INC., KINGSTON DRY DOCK & CONSTRUCTION CO., INC., and KINGSTON TRUST COMPANY, Impleaded·Defendants-Respondents. (Action No. 2.) — Derivative action brought by the plaintiff as a stockholder of Marine Transit Corporation to recover a judgment directing restitution of property and assets of the corporation alleged to have been wrongfully diverted by directors and officers of the corporation, and for other relief. The complaint was dismissed on the merits and plaintiff served notice of appeal from the judgment. Thereafter he moved to continue with the prosecution of the action on appeal as a poor person and to have an attorney assigned to him for that purpose. His motion was denied and he appeals. Order, as resettled, affirmed, with ten dollars costs and disbursements. In our opinion, the right to sue *in forma pauperis* is purely statutory. Sections 558 and 196 of the Civil Practice Act, as amended by chapter 722 of the Laws of 1935, are in derogation of the common law and must be strictly construed. (McKinney's Statutes and Statutory Construction, book I, § 142, and cases cited; *LaBarbera* v. *Hart & Crouse Co., Inc.*, 248 App. Div. 261.) Thus construed, section 558 contemplates the taking or maintenance of an appeal by a party as a poor person only where that party has previously obtained an order authorizing him to sue or defend as such poor person. (*LaBarbera* v. *Hart & Crouse Co., Inc.*, *supra*.) Young, Hagarty, Johnston, Adel and Taylor, JJ., concur.