## Commonwealth ex rel. v. Hopp

*Harry Kaufman*, for Commonwealth.
*George E. Letchworth, Jr.*, for defendant.

WALSH, J., December 29, 1937.—The salient facts are as follows: On June 17, 1918, an order was entered against one George A. Hopp by this court, to the effect that he "pay the sum of Eighteen Dollars per week for the support of his wife, Louisa Hopp . . . and the further sum of $————— Dollars per week for his minor child, Helen". Thereafter, on December 27, 1920, a final decree in divorce a. v. m. was entered, dissolving the mar-

riage between the said George A. and Louisa Hopp. On December 2, 1931, the child, Helen, attained her majority. On April 27, 1936, George A. Hopp died, leaving to survive his widow by a second marriage, Anna C. Hopp, and his daughter, Helen.

George A. Hopp had paid pursuant to the terms of the above order the sum of $12,514. He had made no attempt to have the order terminated during his lifetime. The administratrix of his estate now petitions the court to vacate the order as of December 2, 1931, when Helen became 21 years of age. The divorced wife, Louisa, contests the petition, claiming the order continued until the date of George's death. The decision herein will determine what claim, if any, Louisa has against the estate of George A. Hopp because of this order.

The question is merely as to the date when the order came to an end. There are three possibilities: (1) The date of the divorce; (2) the date when the child, Helen, attained majority; (3) the date of George A. Hopp's decease. If the date of divorce is controlling, the decedent has paid more than was required. And an absolute divorce does operate as a termination of an order for support of a wife. However, the order was for the child as well as the wife and no petition to reduce the order was filed after the divorce. This date, therefore, can be eliminated. The petitioner is apparently in agreement with this view, but argues that the order ended when the child attained majority. The divorced wife, Louisa Hopp, contends, on the contrary, that the date of death of George A. Hopp controls. Should the view of the petitioner be sustained, the arrearages on the order would amount to $86. The opposing view would make the arrearages amount to $4,208.

It is our opinion that the order, by its very terms, came to an end when the child attained majority. The order was "for his minor child, Helen". Is the word "minor" merely descriptive, or is it to be given the effect of a con-

dition? We hold the latter. The word "minor" is mere surplusage if restricted to a descriptive content and were better omitted. Obviously, it was not so intended. The order was made because the child was a minor. Therefore, the word "minor" must be given the effect of a condition, meaning that the support be paid during minority only. Thus, this order ceased when Helen Hopp became 21 years of age.

The legal responsibility of a parent to support his child is closely related to the morals of the relationship. Thus it is that a parent must support the child until the child has become an adult, or has otherwise shown himself to be self-sufficient, as by emancipation. But this obligation comes to an end of itself when either of these events occurs. Only when the child is actually unable to provide for himself does the moral and the legal duty of support remain with the parent. However, the duty is presumed to end with the child's majority: Commonwealth ex rel. v. O'Malley, 105 Pa. Superior Ct. 232. Should the presumption be rebuttable in a given case, because of the child's actual inability to support himself, that rebuttal must be brought forward. That is to say, the order terminates with the child's majority unless there is presented in the child's behalf, and allowed, a petition for support, because of the child's inability to provide for himself: Mount Pleasant Overseers v. Wilcox, 12 Pa. C. C. 447; Commonwealth v. Ulrick, 32 Pa. C. C. 283. There is no obligation on the part of the parent to petition for the termination of support; the duty rests with the child to move against the termination.

Hence, in the instant case, the failure of any of the parties to act after the child, Helen, attained majority merely means that the order came to an end at that time. However, the petition to vacate the order is an anomaly, there being no order to vacate. The records of the court will be marked to show the date when the order came to an end, to wit: December 2, 1931, and the amount re-

maining due thereunder being $86. This will eliminate any possible dispute as to the amount still due.

The reference by counsel for the claimant to an alleged agreement with George A. Hopp to the effect that he should continue to pay support during his life has no bearing upon the issue. Such an agreement, even if existing and binding, is to be enforced elsewhere. It is not for us to rule thereon, nor can it alter the effect of the order. Parties cannot amend the decree of a court by their own separate agreement. And we are bound by the order.

The objection that George A. Hopp was the only one who could move for a change in the order and that, he not having done so, his administratrix cannot so move, raises a problem not here involved. Having decided that the order came to an end of itself when the child attained majority, there is no need for any petition to vacate, and no question as to the proper party petitioner.

The petition to vacate is therefore dismissed without prejudice to any of petitioner's rights herein, and the record of these proceedings will be marked to show termination of the order as of December 2, 1931, and a balance due thereunder of $86.