## Commonwealth *v.* Cieply, Appellant.

Argued November 18, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Ward McCullough,* for appellant.

*Edward J. Steiner,* with him *William A. Ashe,* District Attorney, for appellee.

OPINION BY FINE, J., March 8, 1948:

John Cieply appeals from the order of the court below reducing arrearages on an order for support of his wife and daughter from $772.50 to $375.00 pursuant to the Act of June 19, 1939, P. L. 440, 17 PS §263, contending that all arrearages should have been remitted.

On June 30, 1934, an order was entered directing appellant to pay the sum of $15.00 per month for the support of his wife and daughter who has lived continuously with her mother. Appellant made only three payments of $15.00 pursuant to this order and at all other times the sum of $10.00 per month was paid into the probation office. In 1935, the wife obtained a divorce and in July, 1946, the daughter was married. From 1935 until the daughter was married, appellant paid to his former wife the sum of $10.00 per month for the support of the daughter, allegedly pursuant to an oral agreement with her that the $15.00 a month order be reduced to $10.00 a month. She denied the oral agreement, and claims arrearages in the sum of $660.00, for the period between her divorce and the daughter's marriage, as well as for the first year of the order in the amount of

$112.50, or total arrearages of $772.50. No petition to reduce or modify the order of June 30, 1934, was ever filed.

On May 29, 1947, appellant, contending that his liability under the alleged oral agreement terminated upon the marriage of the daughter, filed his petition for discharge of the order of June 30, 1934, and for satisfaction of the record. An answer was filed denying the oral agreement. After a hearing, the court below, on June 30, 1947, held that: (1) no oral agreement had been made, (2) appellant was in arrears in the sum of $772.50, and (3) an order reducing said arrearages to $375.00 should be entered.

This appeal was perfected August 28, 1947, and on September 16, 1947, the court below filed a supplementary opinion, stating *inter alia:* "If the petitioner had appeared in Court and asked that the order be changed during that period while he was responsible for the support of the child, undoubtedly it would have been increased, rather than decreased, because of the common knowledge of the cost of living."

A court entering an order for support has also the power to reduce arrearages "as the case may warrant": Act of 1939,[1] supra; *Commonwealth ex rel. Chrstos v. Chrstos*, 156 Pa. Superior Ct. 238, 40 A. 2d 165.

There is no merit in appellant's position that the order, directing the payment of arrearages of $375.00, is a retroactive application of the full amount of the order of support made for the wife and child to the support of the child, as such constitutes a retroactive order for the support of the child and is therefore nugatory.[2]

---

[1] "Any order heretofore or hereafter made by any court of this Commonwealth for the support of a wife, child or parent, may be altered, repealed, suspended, increased, or amended, and the said court may, at any time, remit, correct or reduce the amount of any arrearages, as the case may warrant.": Act of June 19, 1939, P. L. 440, §1, 17 PS §263.

[2] *Cf. Commonwealth ex rel. v. Hopp*, 30 Pa. D. & C. 648; 2 Freedman, Marriage and Divorce, §711, page 1402.

The fact is the court below did not award for the daughter's support the full amount of appellant's delinquency, to wit, $772.50, as arrearages, but did make a slight reduction, perhaps because appellant's liability for the support of his wife ceased after divorce. The court did not individuate the amounts for the support of the wife and the daughter when the order was made, probably on the theory the wife would better know how and in what proportions to use that meager contribution for their joint support,—or whether for the sole support of the daughter. Nor can appellant now allocate the amount for each, as he attempts, to escape an obligation long since neglected. If appellant wished to know the extent of his obligation to his daughter after his wife's divorce he could have easily secured that information by petitioning the court for modification of the support order. He failed to do this we suspect because the amount of the existing order was exceedingly small and he did not care to risk a likely increase. He now seeks futile refuge in his own dereliction.

The appellant challenges the power of the lower court to compel compliance with any order of support, including an order for the payment of arrearages, after the right of support has ceased. To so hold is to contradict the clear language of the statute. Cf. *Commonwealth ex rel. v. Parker*, 59 Pa. Superior Ct. 74; *Commonwealth, to use, v. Foltz*, 50 Pa. Superior Ct. 576.

The court below cannot be convicted of error in concluding from the oral and conflicting evidence that there was no agreement between the parties to reduce the support order from $15.00 to $10.00 monthly. The prosecutrix's delay in seeking full compliance with the court's order was explained and her explanation was accepted by the court. Appellant contends her delay in the pursuit of her legal remedy to secure full compliance is persuasive of the existence of the oral contract, notwithstanding he never sought formal modification of the order, pursuant to the alleged oral agreement, nor did

he petition for modification when his wife was awarded a divorce, or at any time thereafter. That contention lacks merit. The order for the support of the wife and daughter remained unchallenged for eleven years after the divorce and one year after the marriage of the daughter, when appellant petitioned for a discharge from the order asserting full compliance and termination of his obligations by reason of the divorce of the wife and the marriage of the daughter. The learned court below aptly stated: "We believe that both of the parties are somewhat at fault in this case. The prosecutrix should have made more of an effort to secure payment of the amount of the order, over a long period of years. On the other hand, if the defendant desired to be relieved of the payment of any part of the $15.00 per month, as ordered, it was his duty to have come into Court with a petition to this effect."

No compelling reasons have been shown requiring interference by this Court. The learned court below has dealt most leniently with appellant. Its findings are amply supported by the evidence.

Orders of the court below are affirmed at appellant's costs.