LLOYD B. MARSHALL, Appellant, v. HELEN MARSHALL, Respondent.— The appeal is by plaintiff from two orders, one of which granted defendant's motion to punish him for contempt of court by reason of his failure to make payment for the support of defendant and the infant child of the parties, in accordance with the judgment of separation which had theretofore been made in this action; and the other of which denied his motion to vacate the said judgment. Order

granting defendant's motion reversed, without costs, and motion denied, with costs. Order denying plaintiff's motion modified by striking out of the ordering paragraph thereof the words " denied in all respects with $10.00 costs," and by inserting in lieu thereof the following " granted to the extent of striking from the judgment the first and third ordering paragraphs thereof, and the motion is otherwise denied, without costs." As so modified, the order is affirmed, without costs. The New York Court had jurisdiction to punish as for a contempt for the failure to pay the alimony which accrued under the New York separation decree for the period prior to entry of the Florida divorce decree. There were here no arrearages under the New York decree. Upon the entry of the Florida decree, the marriage relation was terminated, the New York decree was superseded, and the obligation of the husband to pay alimony ended, except as provided in the Florida decree. (Cf. *Lynn* v. *Lynn*, 302 N. Y. 193.) A different situation would have ensued if the Florida decree was a so-called ex parte divorce such as *Estin* v. *Estin* (334 U. S. 541), or if it was silent on the subject of alimony or by Florida law there was no jurisdiction of that subject matter, that is in personam, as in *Michell* v. *Michell* (276 App. Div. 1090). Here the wife appeared in the Florida action brought by the husband and thus the court had jurisdiction of both spouses, in personam and in rem, the former of which was lacking in the *Estin* and *Michell* cases. Moreover, here the court not only exercised its jurisdiction in personam but included a provision in its decree specifically retaining that jurisdiction as to the future in the event a change was sought. To be sure it exercised its personam jurisdiction in an awkward way. It specifically decreed that the plaintiff husband " is *hereby* required, until the further Order of *this* Court, to pay to the defendant  *  *  *  Forty Five ($45.00) Dollars each week". This made the Florida decree the new source of the extent and obligation of the husband. The succeeding language "in accordance with the terms" of a cited New York judgment was an incorporation by reference of the specific provisions of that judgment, and differed in no essential from incorporating by reference a similar provision in an identified separation agreement. The superseding Florida decree after its entry became the source of judicial power to require or enforce the payment of the specified amounts. Its provision respecting alimony may not be interpreted to be a renunciation of the power and right to fix alimony or a failure to exercise such power as of the date of the decree. Such an interpretation would be incongruous in view of simultaneous and specific retention of jurisdiction respecting alimony in relation to any future change thereof. Of course, the wife is not without remedy. She can invoke the Florida decree, in New York, by suing upon it and enforcing the resulting judgment by execution and garnishee proceedings. Carswell, Johnston and Wenzel, JJ., concur; Nolan, P. J., and Adel, J., dissent, and vote to affirm the orders appealed from with the following memorandum: Although ordinarily a divorce decree, whether foreign or domestic, granted by a court having jurisdiction of the persons of both parties, will supersede a judgment of separation, and will be held to override any incongruous alimony provision of the previous judgment of separation (*Estin* v. *Estin*, 296 N. Y. 308), the decree of the Florida court did not purport to supersede the separation judgment, but on the contrary treated it, at least insofar as its alimony and custodial provisions are concerned, as continuing in full force and effect. Such being the effect of the judgment, as pronounced in Florida, we are not required to give it any greater, or different effect in this State. Appellant's contention that he may not be punished for contempt because he was not served with a copy of the separation judgment may not be sustained. Concededly, he was fully familiar with the provisions of

of the judgment, which was entered on motion of his own attorney, and was served with a copy of the judgment when he was served with the order to show cause by which the contempt motion was brought on. (Cf. *Matter of Belanoff* v. *Belanoff*, 277 App. Div. 1056.) [See *post*, p. 895.]