LLOYD B. MARSHALL, Appellant, v. HELEN MARSHALL, Respondent.— On June 16, 1952, this court, in modifying an order under review, struck from the judgment of separation which had theretofore been entered, the provisions thereof granting the separation and directing appellant to make certain payments for the support of the respondent and the infant child of the parties, on the ground that a subsequent Florida decree of divorce, which likewise directed appellant to make such payments, had superseded the provisions of the judgment of separation, thereby terminating the obligation of the appellant to make such payments except as provided in the Florida decree, and rendering the Florida decree the sole " source of judicial power to require " the making

of payments for such support. (*Marshall* v. *Marshall,* 280 App. Div. 814, 815, affd. 304 N. Y. 956.) During the pendency of the appeal to the Court of Appeals from the said determination of this court, an order was made by Special Term directing appellant to pay respondent $350 as a counsel fee for the said appeal, plus the amount of the printing bill. A subsequent order of Special Term granted reargument but adhered to the original decision. The appellant did not appeal therefrom and, upon his failure to comply therewith, a further order was made granting respondent's motion to adjudge appellant in contempt of court and denying appellant's cross motion to vacate the two orders which directed him to make the payments. It is from this order that the appeal has been taken. Order reversed, without costs, respondent's motion denied, without costs, and appellant's cross motion granted, without costs. With the marriage tie validly broken by the Florida decree, no power to direct the former husband to pay moneys to the former wife can survive, except by way of the decree itself, or an amendment thereto. (*Lynn* v. *Lynn,* 302 N. Y. 193; *Matter of Ensign,* 103 N. Y. 284; *Marshall* v. *Marshall, supra.*) Accordingly, the orders directing appellant to pay a counsel fee and expenses were made without jurisdiction and were "utterly void and unavailable for any purpose, and the want of jurisdiction may always be set up collaterally or otherwise." (*Kamp* v. *Kamp,* 59 N. Y. 212, 216.) These orders being void, there was no basis for the granting of respondent's motion to punish appellant for contempt of court and for the denial of appellant's cross motion to vacate the orders. (*Kamp* v. *Kamp, supra.*) Carswell, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.