Opinion by
 

 Hoffman, J.,
 

 This is an appeal from an order of the Court of Quarter Sessions of Montgomery County increasing a support order and remitting arrearages. The facts may be set out briefly as follows:
 

 On February 8, 1955, appellee, Raymond Rosenberger, was ordered to pay $10.00 a week for the support of his minor child, Douglas, then age three. On September 28, 1966, the mother, Ruth Crane, appellant herein, filed a petition seeking an increase in the support order. In October 1966, Mr. Rosenberger filed a petition to remit arrearages. Both matters were heard simultaneously by the lower court which then entered an order increasing the 1955 order from $10.00 to $15.00 a week, and remitting the existing arrearages from $5,-430.00 to $1,040.00, to be paid at a rate of $10.00 a week over a two year period.
 

 The lower court summarized the relevant testimony before it as follows: “The petitioner lives with her son Douglas (16), for whom additional support was sought and two children of a subsequent marriage [since terminated by divorce]; it costs her $30.00 to $35.00 per week to support Douglas; his name was changed to Crane [petitioner's second husband's name] by decree of this court only five months before this hearing and without notice to or knowledge of respondent; respondent has not seen Douglas for ten years largely because of petitioner’s threats of jail and instructions to boarding school authorities not to allow respondent to see him; respondent paid ten dollars a week faithfully from the inception of the order until January of 1957 when he stopped in reliance upon a letter from the chief probation officer which stated, inter alia:
 

 
 *147
 
 ‘If you are not granted this privilege then we will have to suspend the Order until yon are granted visitation rights.’ N.T. Exhibit.
 

 “Petitioner has a take home pay of $93.00 per week and $55.00 per week support from a subsequent husband for her other two children; respondent had a taxable income of $6,000.00 for the year 1965; he lives with and supports his second wife and four daughters by this second marriage.”
 

 Appellant raised two contentions in this appeal:
 

 (1) That the court abused its discretion in remitting appellee’s arrearages from $5,430.00 to $1,-040.00.
 

 (2) The increase of the support order to $15.00 was inadequate.
 

 1.
 
 Remission of Arrearages
 

 The power to remit arrearages is controlled by the Act of June 19, 1939, P. L. 440, §1 (17 P.S. §263), which provides: “Any order heretofore or hereafter made by any court of this Commonwealth for the support of a wife, child or parent, may be altered, repealed, suspended, increased, or amended, and the said court may, at any time, remit, correct or reduce the amount of any arrearages, as the case may warrant.”
 

 Appellant correctly points out that the questions of support and of visitation and custody are separate and distinct problems. See, e.g.,
 
 Commonwealth v. Mexal,
 
 201 Pa. Superior Ct. 457, 193 A. 2d 680 (1963). Ordinarily, the amount of the support order must be paid regardless of whether the wife is wrongfully denying the father’s visitation rights.
 

 In considering whether an order should be remitted, reduced, or increased, however, the court must take into consideration all relevant factors, and deal with the order as the case may warrant. See
 
 Commonwealth ex rel. Christos v. Christos,
 
 156 Pa. Superior Ct. 238, 40 A. 2d 165 (1944). Thus, in the instant case, the court
 
 *148
 
 properly took into account that the husband, a layman, discontinued support payments for ten years in reliance upon the letter received from the court clerk.
 

 The lower court, in analyzing the factual situation here appropriately stated: “I am going to try to put the pieces back together in a case that has been lying dormant for at least eight years.
 

 “Certainly both of these parties, I am sure, slept on their rights. They are obviously intelligent people, and they chose to stir the thing up here in 1966. So I will do that which I think is fair and just to everybody, including Douglas.”
 

 The lower court recognized that the passage of an extended period of time may require a re-analysis of the rights and obligations of the respective parties and a remission of arrearages if warranted by the circumstances. This corresponds to the decision in
 
 Commonwealth v. Cieply,
 
 162 Pa. Superior Ct. 346, 350, 57 A. 2d 910 (1948), where the lower court had remitted arrearages from $772.00 to $375.00. We then approved .the following statement of the lower court:
 

 “We believe that both of the parties are somewhat at fault in this case. The prosecutrix should have made more of an effort to secure payment of the amount of the order, over a long period of years. On the other hand, if the defendant desired to be relieved of the payment of any part of the $15.00 per month, as ordered, it was his duty to have come into Court with a petition to this effect.”
 

 We hold, therefore, that the lower court did not abuse its discretion in remitting arrearages. Taking the evidence as a whole, however, we cannot find sufficient basis on which to justify the drastic reduction from $5,430.00 to $1,040.00. It is well established that we may modify a judgment and enter such order as we may deem proper. Ordinarily, “we are loathe to exercise this power and prefer under ordinary condi
 
 *149
 
 tions that a just verdict shall be rendered on another trial.”
 
 Meholiff v. River Transit
 
 Company, 342 Pa. 394, 20 A. 2d 762 (1941). Here, however, while the evidence established sufficient reason for the remission of arrearages, based on the father’s misconception of the court clerk’s letter and the wife’s allowance of the passage of time, the discrepancy between the amount originally owing and the reduced amount are so great that we feel compelled to modify the judgment. In our view, based on the opinion of the lower court and the record, the arrearages in this case should be reduced to a figure no lower than $2500.00. The order on the arrearages, therefore, is increased to $2500.00. The case will be remanded to the lower court, however, for the entry of an order providing for the schedule of payment upon this increased amount.
 

 2.
 
 Adequacy of the Support Order
 

 Appellant contends that the amount of the support order, $15.00 a week, was, in itself, inadequate. The lower court recognized the inadequacy of the amount. Nonetheless, it carefully weighed the father’s income and the mother’s income, together with the father’s obligations to his new wife and four children. Reviewing all of these factors, we cannot find that the lower court abused its discretion in increasing the order to only $15.00 per week.
 

 Order of the court increasing the support order to $15.00 a week affirmed. Order of court remitting arrearages is modified and, as modified, is affirmed. The record is remanded for further proceedings, however, consistent with this, opinion.
 

 Jacobs, J., would affirm the order of the court below.