■ Howard N. Math, Appellant-Respondent, v. Ruth Math, Respondent-Appellant.— In an action for divorce, plaintiff-husband appeals from so much of the judgment of divorce, dated September 11, 1970, after trial in the Supreme Court, Nassau County, as awarded additional counsel fees in the sum of $750, and as modified a prior judgment of the same court to the extent of: (a) increasing the weekly support provision for defendant wife contained therein from $135 to $190 per week, and (b) eliminating therefrom plaintiff's obligation to reimburse defendant for medical expenses. Defendant wife cross-appeals from so much of the judgment as grants to plaintiff a decree of divorce on the ground of defendant's cruel and inhuman treatment of plaintiff. Judgment modified on the law by striking therefrom the fifth decretal paragraph, in its entirety, and by inserting, in lieu thereof, a provision that the prior judgment is superseded by the judgment to be entered herein; and as so modified judgment affirmed, insofar as appealed from, without costs. In our opinion, under the circumstances of this case, there was no warrant for the granting of permanent alimony to the defendant wife, by virtue of clause (2) in the fourth sentence of section 236 of the Domestic Relations Law (Sacks v. Sacks, 26 A D 2d 575, mot. for lv. to app. den. 18 N Y 2d 583; Kall v. Kall, 35 A D 2d 943). The trial court had power to make provision for defendant's support only if " defendant's misconduct did not itself constitute grounds for separation or divorce " (Sacks v. Sacks, supra, p. 576). While recognizing the discretionary power of the court to grant alimony in some circumstances, not present in the case at bar, clause (2) in the fourth sentence of section 236 prohibits such awards when the wife's misconduct is the basis for the matrimonial relief granted (cf. Kall v. Kall, supra, p. 944). Since the judgment of divorce at bar was granted by reason of the wife's misconduct, under clause (2), no alimony should have been granted (McKinney's Cons. Laws of N. Y., Book 14, Domestic Relations Law, § 236, Practice Commentary, by David D. Siegel, p. 137). Professor Siegel said (p. 137) : " the court's own fact-findings are the means whereby it ties its own hands; its own finding that the wife's conduct is itself basis for a separation or divorce * * * is the finding that divests the court of the discretion to award alimony." When the court below granted a judgment of divorce to the plaintiff, that judgment, as a matter of law, superseded the prior outstanding judgment of separation. Rabin, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.

■ George McAuliffe, Respondent, v. Wheeler Bailey, Appellant.— In an action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Westchester County, dated October 6, 1971, which granted its motion to dismiss the action pursuant to CPLR 3012 (subd. [b]) unless plaintiff served his complaint within 20 days after service of a copy of the order with notice of entry. Order modified by striking from the first decretal paragraph everything following the words that the motion is " granted ". As so modified, order affirmed, with $10 costs and disbursements to defendant. Defendant moved to dismiss the action one year after service of its notice of appearance and demand for complaint. Plaintiff failed to oppose the motion, offering neither an excuse for his delay nor an affidavit of merits. Accordingly, the motion to dismiss the action should have been granted unconditionally (Burgess v. Long Is. R. R. Co., 38 A D 2d 750; Crudele v. Fishman Co., 36 A D 2d 631; Beckham v. Lefferts Gen. Hosp., 36 A D 2d 726). Rabin, P. J., Hopkins, Munder, Gulotta and Brennan, JJ., concur.