JEANNE S. KNOBLER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 309–71.   Filed November 20, 1972.

*George C. Corson, Jr.,* for the petitioner.
*Alan E. Cobb* and *Brian J. Seery,* for the respondent.

#### OPINION

TIETJENS, *Judge:* This case was originally docketed for hearing pursuant to the provisions of section 7463, I.R.C. 1954,[1] and Rule 36, Tax Court Rules of Practice, but we granted the parties' joint motion for submission under Rule 30 and for assignment to a Division of this Court for report.

The Commissioner determined a deficiency in the income tax liability of petitioner, Jeanne S. Knobler, for the taxable year 1967 in the amount of $569.77. As the Commissioner has conceded to petitioner the dependency exemption for her son Richard a Rule 50 computation will be necessary. The pleadings disclose that the parties joined an issue

[1] All statutory references are to the Internal Revenue Code of 1954 unless otherwise stated.

as to whether petitioner was given full credit for withholding taxes, but petitioner did not pursue the issue further and must be considered to have abandoned it. The sole issue for our determination concerns the includability in petitioner's gross income for 1967 of $2,450 received from Robert Knobler, her former husband. Petitioner concedes that $260 of that sum should have been included in her income for that year.

Petitioner at all pertinent times resided in Norristown, Pa., and she timely filed an individual income tax return for 1967 with the district director of internal revenue at Philadelphia.

In June 1964 petitioner obtained the issuance of a criminal information charging Robert T. Knobler, her former husband, with desertion and failure to support his family as of May 1964. A warrant for his arrest was issued and he was compelled to appear before a justice of the peace, who granted bail in the amount of $500. Petitioner became the prosecuting witness in proceedings that ensued before the Quarter Sessions Court of Montgomery County, Pa., a tribunal empowered to try minor crimes and misdemeanors and to administer the quasi-penal support laws of the Commonwealth of Pennsylvania. The court evidently found that Robert Knobler's absence from his family was unexcused, as he was ordered to pay $45 a week "for the support of his wife Jeanne and 3 minor children Richard, Patricia, and Deborah." Such an order of a Pennsylvania Quarter Sessions Court does not alter the marital relationship of husband and wife but merely vindicates the public policy of Pennsylvania by providing a judicial means of enforcing a husband's obligation to support his wife and children whom he has wrongfully deserted. See *Commissioner* v. *Rankin*, 270 F. 2d 160, 163 (C.A. 3, 1959), affirming a Memorandum Opinion of this Court. No other support order has been entered by any court of Pennsylvania, and the order of the Quarter Sessions Court has not been modified to date.

In June 1966 Robert Knobler was granted a decree of divorce *a vinculo matrimonii* or absolute divorce from petitioner by the Common Pleas Court of Lehigh County, Pa. In Pennsylvania, a decree of absolute divorce, as distinguished from a decree of divorce from bed and board, discharges the husband's legal obligation of support and thus will not ordinarily be accompanied by an award of alimony. *Commonwealth* v. *Petrosky*, 168 Pa. Super. 232, 77 A. 2d 647, 652 (1951). It has also been held that "when the common pleas has awarded a divorce, with or without alimony, the jurisdiction of the quarter sessions will be at an end." *Heilbron* v. *Heilbron*, 158 Pa. 297, 27 Atl. 967, 968 (1893). However, it is now well established that a husband may not simply ignore an outstanding support decree once

he has become divorced but must first fulfill the procedural requirement of petitioning the Quarter Sessions Court and of having the order vacated before he may discontinue payments to his former wife. *Commonwealth* v. *Cieply*, 162 Pa. Super. 346, 57 A. 2d 910, 912 (1948) ; see also *Commonwealth* v. *Rosenberger*, 212 Pa. Super. 144, 239 A. 2d 810 (1968). Robert Knobler did not do this at any time pertinent to this case, and thus the support order was binding throughout 1967, the taxable year in issue.

In October 1966 an attorney for petitioner petitioned the chief domestic relations officer of Montgomery County, Pa., to place Robert Knobler's name on the next available attachment list on the ground that the former husband was $2,415 in arrears on the support payments. Petitioner and Robert Knobler promptly reached an oral understanding that included an immediate payment plus a promise to reduce the arrearage in weekly installments.

During 1967 petitioner received $2,450 in total from Robert Knobler but did not report that sum in her return for the year. The Commissioner contends that the payments are includable under section 71(a)(3).[2] Neither section 71(a)(1) nor (2) applies to this case since the payments neither were imposed on nor incurred by Robert Knobler under the decree of divorce nor were made under a written separation agreement. However we think that section 71(a)(3) does apply and that every condition governing the operation of that paragraph has been met. This Court has already noted the congressional purpose to embrace all support payments made pursuant to judicial sanction where the spouses are in fact living apart. See S. Rept. No. 1622, 83d Cong., 2d Sess., pp. 10, 171, discussed in *Florence Korman*, 36 T.C. 654, 656 (1961), affirmed per curiam 298 F.2d 444 (C.A. 2, 1962). Thus the meaning of the word "separated" in the statute is not restricted to legal separation.[3]

Section 71(b) is inapplicable to any part of the 1967 payments because the support decree did not specify the amount of the payment allocable for the support of the children. Thus all the payments are considered includable in petitioner's gross income. *Commissioner* v. *Lester*, 366 U.S. 299 (1961).

---

[2] Sec. 71(a)(3) provides :

(3) DECREE FOR SUPPORT.—If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly.

[3] Nor does use of the terms "wife" and "husband" imply that sec. 71(a)(3) is inapplicable to payments occurring after divorce. In that event, the terms are to be read "former wife" and "former husband" wherever appropriate. Sec. 7701(a)(17).

264

We are without the benefit of a brief on behalf of petitioner, but the petition filed in this proceeding suggests that her chief argument is that in 1967 Robert Knobler was not required to make payments for her support and maintenance, within the meaning of section 71(a)(3), because his obligation to support her was terminated by the 1966 divorce. Our examination above of Pennsylvania law we think shows that the Quarter Sessions support decree was binding during 1967, and thus that the payments received in that year were for the support of petitioner. We also note that the Commissioner has held that payments received under support orders rendered in other States and not necessarily those of Pennsylvania courts are includable in income unless and until such orders are vacated or declared invalid. Rev. Rul. 58-321, 1958-1 C.B. 35; Rev. Rul. 71-390, 1971-2 C.B. 83; Rev. Rul. 70-61, 1970-1 C.B. 18.

*Decision will be entered under Rule 50.*