BENJAMIN WOLMAN, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 8592-73.    Filed August 18, 1975.

*Joseph L. Forscher,* for the petitioner.

*Theodore J. Kletnick* and *Russell F. Kurdys,* for the respondent.

QUEALY, *Judge:* The respondent determined deficiencies in Federal income tax returns of the petitioner for the taxable years 1968, 1969, and 1970, in the amounts of $2,051.14, $2,144.30, and $3,876.51, respectively. The sole issue for our decision is whether certain payments made by the petitioner constituted alimony deductible by him pursuant to section 215.[1]

### FINDINGS OF FACT

Some of the facts have been stipulated. Such facts and the exhibits attached thereto are incorporated herein by this reference.

Petitioner, a resident of New York, N.Y., when he filed his petition in this case, filed separate individual Federal income tax returns for the taxable years 1968, 1969, and 1970, with the District Director of Internal Revenue, Manhattan District, New York.

Petitioner was married to Rywka Wolman in 1932. They had one daughter, Danielle, who was born in 1952. For some time prior to June 25, 1968, the petitioner and Rywka Wolman were living apart but were not legally separated.

On June 25, 1968, the Family Court of the State of New York, city of New York, ordered that the petitioner pay the sum of $604 per month to Rywka, his wife, beginning July 1, 1968, "for and towards the support of" Rywka Wolman and Danielle Wolman.

The petitioner during the year 1968, made the following payments by check to the order of Mrs. R. Wolman:

| Date of check | Amount | Endorsement |
|---|---|---|
| Apr. 1, 1968 | $604 | R. Wolman |
| May 1, 1968 | 604 | R. Wolman |
| June 1, 1968 | 604 | R. Wolman |
| July 1, 1968 | 604 | R. Wolman |
| Aug. 1, 1968 | 604 | R. Wolman |
| Sept. 2, 1968 | 604 | R. Wolman |
| Oct. 1, 1968 | 604 | R. Wolman |
| Nov. 1, 1968 | 604 | R. Wolman |
| Dec. 2, 1968 | 604 | R. Wolman |
| Total | 5,436 | |

[1] All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

These checks were either cashed or deposited by Rywka Wolman.

In January of 1969, the petitioner brought an action for divorce against Rywka Wolman in the Supreme Court of New York on the grounds of cruel and inhuman treatment of the petitioner by Rywka Wolman. On February 20, 1969, pursuant to a jury verdict in favor of the petitioner, that court—

ORDERED, ADJUDGED AND DECREED that the plaintiff BENJAMIN WOLMAN have judgment dissolving the bonds of matrimony heretofore existing between the plaintiff, BENJAMIN WOLMAN and the defendant, RYWKA WOLMAN on the ground of the defendant's cruel and inhuman treatment of the plaintiff, which endangered the plaintiff's physical or mental well-being so as to render it unsafe or improper for the plaintiff, BENJAMIN WOLMAN to cohabit with the defendant RYWKA WOLMAN, and freeing the plaintiff from the obligations thereof except, and only except, those obligations owed by him to DANIELLE WOLMAN the infant child of the parties, and the obligation, if any, of the plaintiff to pay any of the defendant's counsel fees, with respect to which exceptions decision is reserved.

The petitioner during the year 1969 made certain payments by check as follows:

| Date of check | Payee | Amount | Endorsement |
|---|---|---|---|
| Jan. 1, 1969 | Mrs. R. Wolman _____ | $604 | R. Wolman |
| Feb. 3, 1969 | Mrs. R. Wolman _____ | 604 | R. Wolman |
| Mar. 1, 1969 | Mrs. R. Wolman in trust for Danielle Wolman_____ | 250 | R. Wolman |
| Apr. 3, 1969 | Mrs. R. Wolman in trust for Danielle Wolman_____ | 250 | R. Wolman |
| May 1, 1969 | Mrs. R. Wolman in trust for Danielle Wolman_____ | 250 | R. Wolman |
| June 1, 1969 | Mrs. R. Wolman in trust for Danielle Wolman_____ | 250 | R. Wolman |
| July 1, 1969 | Mrs. R. Wolman in trust for Danielle Wolman_____ | 250 | R. Wolman |
| July 31, 1969 | Mrs. R. Wolman in trust for Danielle Wolman_____ | 250 | R. Wolman |
| Sept. 2, 1969 | Mrs. R. Wolman in trust for Danielle Wolman_____ | 250 | R. Wolman |
| Sept. 10, 1969 | Miss Danielle Wolman _____ | 100 | Danielle Wolman |
| Oct. 1, 1969 | Mrs. R. Wolman in trust for Danielle Wolman_____ | 250 | R. Wolman |
| Nov. 1, 1969 | Mrs. R. Wolman in trust for Danielle Wolman_____ | 250 | R. Wolman |
| Dec. 3, 1969 | Miss Danielle Wolman _____ | 100 | Danielle Wolman |
| Dec. 1, 1969 | Mrs. R. Wolman in trust for Danielle Wolman_____ | 250 | R. Wolman |
| | | 3,908 | |

These checks were either cashed or deposited by Rywka Wolman.

The petitioner during the year 1970 made certain payments by check as follows:

| Date of check | Payee | Amount | Endorsement |
|---|---|---|---|
| Jan. 1, 1970 | Mrs. R. Wolman in trust for Danielle Wolman_____ | $250 | R. Wolman |
| Feb. 2, 1970 | Mrs. R. Wolman in trust for Danielle Wolman_____ | 250 | R. Wolman |
| Feb. 28, 1970 | Miss Danielle Wolman _____ | 200 | Danielle Wolman |
| Mar. 2, 1970 | Mrs. R. Wolman in trust for Danielle Wolman_____ | 500 | R. Wolman |
| Apr. 2, 1970 | Mrs. R. Wolman in trust for Danielle Wolman_____ | 500 | R. Wolman |
| Apr. 17, 1970 | Miss Danielle Wolman _____ | 100 | Danielle Wolman |
| May 1, 1970 | Mrs. R. Wolman in trust for Danielle Wolman_____ | 600 | R. Wolman |
| June 1, 1970 | Mrs. R. Wolman in trust for Danielle Wolman_____ | 700 | R. Wolman |
| July 1, 1970 | Mrs. R. Wolman in trust for Danielle Wolman_____ | 600 | R. Wolman |
| Aug. 1, 1970 | Mrs. R. Wolman in trust for Danielle Wolman_____ | 750 | R. Wolman |
| Sept. 2, 1970 | Mrs. R. Wolman in trust for Danielle Wolman_____ | 600 | R. Wolman |
| Sept. 28, 1970 | Mrs. R. Wolman in trust for Danielle Wolman_____ | 400 | R. Wolman |
| Oct. 1, 1970 | Mrs. R. Wolman in trust for Danielle Wolman_____ | 250 | R. Wolman |
| Nov. 2, 1970 | Mrs. R. Wolman in trust for Danielle Wolman_____ | 250 | R. Wolman |
| Nov. 2, 1970 | Miss Danielle Wolman _____ | 400 | Danielle Wolman |
| Dec. 1, 1970 | Mrs. R. Wolman in trust for Danielle Wolman_____ | 250 | R. Wolman |
| Dec. 3, 1970 | Miss Danielle Wolman _____ | 400 | Danielle Wolman |
| | Total_____ | 7,000 | |

These checks were either cashed or deposited by Rywka Wolman.

On his Federal income tax returns for the years in issue, the petitioner deducted the following amounts:

| Taxable year | Amount | Tax return entry |
|---|---|---|
| 1968_____ | [2] $3,624 | Separation payment |
| 1969_____ | [3] 3,708 | Separation payment to x wife and child |
| 1970_____ | 7,000 | Separation payment to x wife |

The respondent determined that the petitioner had not established that the payments he made during these years were includable in the income of Rywka Wolman as alimony and hence deductible by him pursuant to section 215. The deductions claimed were consequently disallowed.

## OPINION

Section 215 allows a husband to deduct payments made to his wife if they are includable in the wife's income under section 71. Section 71(a)(3) provides as follows:

(3) DECREE FOR SUPPORT.—If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly.

It is not necessary under this section that the wife be legally separated from her husband under a court order or decree. Sec. 1.71-1(b)(3), Income Tax Regs.; *Florence Korman*, 36 T.C. 654 (1961).

Alimony does not include child support payments. Sec. 71(b). However, unless the amount of each payment allocable to child support is specifically designated in the decree, the entire sum paid for the support of the wife and children is includable in the wife's gross income as alimony. *Commissioner v. Lester*, 366 U.S. 299 (1961); *Sara Nicoll Gotthelf*, 48 T.C. 690 (1967), affd. 407 F.2d 491 (2d Cir. 1969).

It is the respondent's position that amounts paid by the petitioner from the date of the support order up to the date of the divorce decree are alimony includable by Rywka Wolman in income and deductible by the petitioner. However, he contends

---

[2] This amount consists of six payments of $604 per month made by the petitioner after June 25, 1968, the date of the support order of the Family Court.

[3] Although the petitioner made payments of $3,908 in 1969, it appears that he did not deduct two checks, each in the amount of $100, made out directly to Danielle Wolman.

that any payments made by the petitioner subsequent to the divorce decree are not deductible by him as alimony.

Clearly, the amounts paid by the petitioner pursuant to the support order of the Family Court up to the date of the divorce decree are includable in his wife's income and deductible by him. The petitioner and Rywka Wolman were living apart and did not file joint returns during the years in issue. Under the Family Court order of June 25, 1968, the petitioner paid $604 per month for and toward the support of Rywka and Danielle Wolman. No amount was "fixed" for the support of Danielle Wolman specifically and therefore, under the order, each payment must be considered alimony reportable as income by the wife and deductible by the husband. *Commissioner v. Lester, supra.*

On February 20, 1969, the petitioner was awarded a judgment of absolute divorce from Rywka Wolman on the grounds of cruel and inhuman treatment. The decree specifically freed the petitioner from any marital obligations growing out of his marriage to Rywka Wolman "except, and only except, those obligations owed by him to Danielle, the infant child."

Under the Family Court Act of New York, the obligation of a husband to support his wife is based on the existence of a valid marriage and when the wife's misconduct is the basis for the divorce granted, an award of alimony is prohibited by statute. N.Y. Dom. Rel. Law sec. 236 (McKinney 1964); *Math v. Math,* 39 App. Div. 2d 583, 331 N.Y.S. 2d 964 (2d Dept. 1972), affd. 31 N.Y. 2d 693, 337 N.Y.S. 2d 505 (1972). In such a situation the Family Court has no power to enforce a prior support order on behalf of the ex-wife. *Glass v. Glass,* 57 Misc. 2d 76, 291 N.Y.S. 487 (Fam. Ct. 1968).

Here the support decree was a recognition of the obligation of the petitioner to support his wife. The subsequent divorce terminated the rights of the wife and superseded and nullified the support order. Therefore, the alimony provision of the support order must yield to the superior effect of the divorce decree. See *Marshall v. Marshall,* 280 App. Div. 814, 113 N.Y.S. 2d 602 (2d Dept. 1952); *Sacknoff v. Sacknoff,* 115 N.Y.S. 2d 414 (Bronx County Sup. Ct. 1952).

We are cognizant of a different rule under Pennsylvania law. See *Jeanne S. Knobler,* 59 T.C. 261 (1972). In that case the husband was making postdivorce payments pursuant to a prior support order and agreement with the wife. The Court concluded

that although the divorce extinguished the husband's obligation of support, until the prior support order was vacated under Pennsylvania law, the payments constituted alimony.

By contrast, following the divorce decree, Benjamin Wolman made no attempt to conform to the prior support order. He ceased payments to Rywka Wolman and made payments to his daughter depending on his financial condition and whim at the time. The divorce having superseded the support decree, Rywka Wolman was merely a conduit for payments from the petitioner to his daughter. As such, the payments to her are neither includable in her income nor deductible by the petitioner as alimony. See *Eugene F. Emmons*, 36 T.C. 728 (1961), affd. 311 F.2d 223 (6th Cir. 1962).

We therefore conclude that the payments made by the petitioner pursuant to the support order of June 25, 1968, up until the divorce decree of February 20, 1969, are deductible as alimony. The payments made by him subsequent to the divorce decree are not.

In accordance with the above,

*Decision will be entered under Rule 155.*