RICHARD L. KARELAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Karelas v. Commissioner
Docket No. 1819-89
United States Tax Court
T.C. Memo 1991-121; 1991 Tax Ct. Memo LEXIS 139; 61 T.C.M. (CCH) 2181; T.C.M. (RIA) 91121; March 19, 1991, Filed *139 Decision will be entered under Rule 155. Richard L. Karelas, pro se. Daniel Parent, for the respondent. BUCKLEY, Special Trial Judge. BUCKLEY
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b) and Rule 180 et seq. [1]
Respondent determined a deficiency in petitioner's 1986 Federal income tax in the amount of $ 733 together with an addition to tax under section 6653(a)(1)(A) in the amount of $ 36.65 and under section 6653(a)(1)(B) in the amount of 50 percent of the interest due on the deficiency. There are several issues for decision. They are: (1) Whether petitioner is entitled to dependency exemptions for four unrelated persons; (2) whether petitioner is entitled to a theft loss regarding a 1975 Pontiac automobile in an amount greater than allowed by respondent; (3) whether petitioner received an *140 additional $ 2,012 in wages from Steiner Corp. during the year; (4) whether petitioner is entitled to a moving expense deduction for moving household goods from Palatine, Illinois, to Grand Junction, Colorado, and if so, whether he has substantiated such expenses; (5) whether petitioner is entitled to a moving expense deduction for a move from Grand Junction, Colorado, to Los Angeles; (6) whether petitioner is entitled to a moving expenses deduction for a move from Los Angeles to Sacramento, California, and if so, whether he can substantiate the expenses claimed; (7) whether petitioner is entitled to a child support deduction of $ 1,300; (8) whether petitioner must include in income his California State income tax refund of $ 432 rather than the lesser amount of $ 385 reported on his return; and (9) whether petitioner was negligent and is subject to the additions to tax under sections 6653(a)(1)(A) and (B). Some of the facts were stipulated and they are so found. Petitioner resided at Rancho Cordova, California, when he timely filed his petition herein. For simplicity, we consider the facts and law relevant to each issue separately. Dependency exemptions. Petitioner lived *141 with Nadine Conley and her three children during 1986. Ms. Conley's children were Danica Johnson, age 16; Stacey Brooks, age 11; and Brandy Brooks, age 9. Petitioner is not related to Ms. Conley or to her three children. During 1986, Stacey and Brandy Brooks resided with their father, Jerry Brooks, for at least 4 months. Petitioner claimed dependency exemptions for Ms. Conley and her three children. Section 152(a) of the Code defines "dependent" as any of certain listed individuals over half of whose support for the calendar year was received from the taxpayer. One of such listed individuals is "(9) An individual * * * who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household." While petitioner's testimony was scant, to say the least, we assume arguendo that each of the claimed dependency exemptions referred to such an individual, so that this aspect of the statutory requirements has been met. However, petitioner must also show that such dependent did not have gross income during the year in an amount equal to the exemption amount, section 151(c)(1)(A), and also that he provided over *142 half of the support for each such person, section 152(a). Petitioner bears the burden of proving respondent's determination is incorrect. Welch v. Helvering, 290 U.S. 111, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Rule 142(a). Petitioner made no effort whatsoever to shoulder his burden of proof. He provided the Court with no information in regard to the gross income of any of the claimed individuals, nor did he provide any information as to his support efforts on their behalf. In such a posture, we can only hold that petitioner has failed to sustain his burden of proving respondent's determinations were incorrect. Trans-Am theft loss. Sometime in 1975 petitioner purchased a 1975 Pontiac Firebird Trans-Am. Petitioner left the car in Illinois with a friend, Scott Tolfer, when he moved to California. He did not take the car with him because of the difficulty in moving an automobile with a fiberglass front end. Petitioner, as a result of his move, lost track of Mr. Tolfer. Sometime in 1986, petitioner returned to the Chicago area, located Mr. Tolfer, and inquired as to the whereabouts of his automobile. Mr. Tolfer had taken the automobile out for a ride, it had mechanical problems, he *143 left it by the side of the road, and when he returned for it, he discovered that it was gone. No police reports were filed as a result of the disappearance. However, respondent does not contend that there was not a theft loss; the only disagreement is to the amount of the loss. Respondent allowed $ 1,500 and disallowed $ 2,059 of the claimed theft loss deduction of $ 3,559. Petitioner claimed that the fair market value of the automobile at the time he discovered the loss was $ 4,000. Section 165(a) and (c) allow the deduction, by an individual, of a loss incurred from theft, subject to certain limitations. Such a loss will be allowed only to the extent that it exceeds $ 100, section 165(h)(1), and such "net casualty loss" is further allowed only to the extent that it exceeds 10 percent of adjusted gross income. Sec. 165(h)(2)(A). Respondent has advised the Court only in generalities as to his valuation of the automobile prior to subjecting the deduction to the loss limitations, despite the Court's specific request for such information. Accordingly, we are forced to work backwards in order to estimate respondent's valuation. Thus, petitioner reported adjusted gross income *144 totaling $ 3,409 on his return for 1986. Respondent determined adjustments affecting adjusted gross income of $ 7,377, leaving petitioner with an adjusted gross income of $ 10,786. Respondent, accordingly, must have computed the fair market value of the automobile at $ 2,679 ($ 2,679 less $ 100 less 10 percent adjusted gross income of $ 1,079 equals $ 1,500). We now consider whether petitioner has borne his burden of proving respondent's determination in this regard was incorrect. Rule 142(a). Petitioner has provided the Court with his testimony that the automobile had a V-8 engine, that it was in top-notch condition with 41,000 original miles, and that it had honeycomb wheels. Petitioner also provided the Court with a copy of a 1989 Old Cars Price Guide, which indicates valuation as of 1989 for such an automobile. Keeping in mind respondent's objection that the price guide was 3 years later than the tax year in question and that accordingly the value of the automobile might be greater, it is obvious that petitioner's valuation of $ 4,000 was reasonable in amount. We hold that petitioner is entitled to a theft loss deduction based upon a fair market valuation of $ 4,000. *145 Additional income, Steiner Corp. Respondent determined that petitioner received $ 2,012 in wages from the Steiner Corp. which he failed to report on his return. Petitioner was employed by the Steiner Corp. until February of 1986. During that year, the parties stipulated he received $ 2,012 in wages, for which $ 344 was withheld for Federal income tax. Petitioner failed to report this amount on his 1986 return, and additionally, failed to claim the withheld amount. Petitioner agreed that he received this amount. Respondent's determination is correct. Moving expense deduction. Petitioner claimed total moving expense deductions of $ 4,463, of which respondent allowed $ 445 and disallowed $ 4,018. Petitioner moved around often. In 1982, he moved from Palatine, Illinois, to San Jose, California. He moved from San Jose to Los Angeles in 1984, and from there to Grand Junction, Colorado, either late in 1984 or early in 1985. He has claimed among his moving expenses costs related to the following moves during 1986. Petitioner moved his belongings from the Palatine area in Illinois to Grand Junction in May of 1986. He rented a truck for $ 450 for this purpose. Petitioner *146 moved from Grand Junction to Los Angeles in July of 1986. His truck rental for this move cost $ 2,116. Petitioner worked as a truck driver for Alpha Beta Co. in Los Angeles for 29 days, commencing in mid-July to mid-August. Petitioner was terminated from this job because of lack of work. He then worked in Los Angeles for Golden Bear Marketing as a truck driver from mid-August to November of 1986, at which time petitioner voluntarily terminated his employment. He then moved from Los Angeles to Sacramento, California, in November 1986, where shortly thereafter he began working for Western Medical driving a truck with a portable Cat scanner. Petitioner claimed a total of $ 1,338 in connection with moving his goods from Illinois to Grand Junction, Colorado. When petitioner first moved from Illinois to California, he was in the middle of a divorce. He stored his goods in Illinois. Sometime late in 1984 or early in 1985 petitioner moved from California to Grand Junction where he worked for the Steiner Corp. until February 1986. It was not until May of 1986 that petitioner returned to Illinois in order to collect his stored goods and move them to Grand Junction. Petitioner's only *147 proof of the cost of this move is his receipt for the rental of a Ryder truck in the amount of $ 450. Section 217(a) allows as a deduction moving expenses paid during the taxable year in connection with the commencement of work by the taxpayer as an employee or as a self-employed individual at a new principal place of work. It is undisputed that petitioner's commencement of work in Grand Junction was sometime around the end of 1984 or early 1985. We find it difficult to tie in the movement of the stored materials some 18 months later with the commencement of the Grand Junction work. Section 1.217-2(a)(3)(i), Income Tax Regs., in regard to the "commencement" requirement of the statute, states -- * * * To qualify as being in connection with the commencement of work, the move must bear a reasonable proximity both in time and place to such commencement at the new principal place of work. In general, moving expenses incurred within 1 year of the date of the commencement of work are considered to be reasonably proximate in time to such commencement. Moving expenses incurred after the 1-year period may be considered reasonably proximate in time if it can be shown that circumstances *148 existed which prevented the taxpayer from incurring the expenses of moving within the 1-year period allowed.
Petitioner has failed to provide any factual information whatsoever in regard to the delay in moving his goods from Illinois to Grand Junction. We cannot, under this record, conclude that these costs bear "a reasonable proximity both in time and place" to the commencement of petitioner's work at Grand Junction. Skane v. Commissioner, T.C. Memo 1984-364. Further, we note he has completely failed to substantiate more than the truck rental expense of $ 450. Accordingly, respondent's determination in this regard is upheld. We now consider petitioner's move from Grand Junction to Los Angeles in July of 1986. Petitioner did not claim the costs of this move on his return, but now claims it in this hearing. Here, too, petitioner has supplied substantiation for only $ 2,116 for truck rental in connection with this move. Respondent's position in this regard is that petitioner did not meet the employment period conditions for allowance of the moving expense deduction, and also that petitioner failed to substantiate costs. Section 217(c) sets forth conditions *149 for the allowance of the moving expense deduction. Relevant here is that petitioner meet the requirement that during the 12-month period immediately following his arrival in the general location of the new principal place of work, he is a full-time employee during at least 39 weeks. Sec. 217(c)(2)(A). While petitioner was terminated from his first job with Alpha Beta, he soon had another job with Golden Bear Marketing. It is stipulated that petitioner remained in the Los Angeles area only until November of 1986 at which time he voluntarily terminated his employment with Golden Bear and moved to the Sacramento area. Petitioner moved from Los Angeles to Sacramento because his stepfather, who lived with petitioner's mother in that area, had been killed in an accident. Petitioner was not a full-time employee for at least 39 weeks during the 12-month period after he arrived in Los Angeles. Accordingly, he is not entitled to deduct these costs of moving. Next, we look at petitioner's move to Sacramento from Los Angeles. Petitioner moved to Sacramento after his stepfather who lived there was killed. Petitioner's mother was caring for his two minor children. Petitioner claimed *150 $ 3,125 in moving expense in connection with this move, of which respondent allowed $ 445 for cost of transportation of household goods. Petitioner, who bears the burden of proving respondent's determination is incorrect, provided no substantiation of any additional costs of this move. Accordingly, respondent's determination is upheld. Child support. Petitioner deducted $ 1,300 in child support. This amount, petitioner contends, constituted his 1984 and 1985 Federal income tax refund checks which were sent to the State of Illinois for back child support. Petitioner has made no contention that these amounts constitute alimony for his former wife. Child support payments are not deductible. In fact, sections 71 and 215 provide that while alimony payments may be includable in the gross income of the payee and deductible by the payor, no such inclusion or deduction is allowable for any part of such payment which is a fixed sum payable for the support of children of the payor spouse. Sec. 71(c); Wolman v. Commissioner, 64 T.C. 883 (1975). Petitioner is not entitled to this deduction. State tax refund. Petitioner reported the receipt of a California *151 State income tax refund in the amount of $ 385. Petitioner agreed by stipulation and at trial that he had received $ 432, the amount determined by respondent. Respondent is upheld in this regard. Additions to tax. Respondent determined additions to tax under section 6653(a)(1)(A) and (B). Negligence under section 6653(a) is lack of due care, or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Respondent's determination that petitioner's underpayment of tax was due to negligence or intentional disregard of rules and regulations is "presumptively correct and must stand unless the taxpayer can establish that he was not negligent." Hall v. Commissioner, 729 F.2d 632, 635 (9th Cir. 1984), affg. a Memorandum Opinion of this Court. Petitioner, therefore, bears the burden of proving that he is not liable for the additions to tax. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791 (1972); Enoch v. Commissioner, 57 T.C. 781, 802 (1972). Petitioner has not only failed to overcome his burden of proving that *152 respondent's determination of negligence additions was incorrect, he has in fact convinced the Court that he was negligent, and his negligence goes to the full amount of the underpayment. To give effect to the foregoing, Decision will be entered under Rule 155. Footnotes
1. Section references are to the Internal Revenue Code as amended and in effect for the taxable year; Rule references are to the Tax Court Rules of Practice and Procedure.↩