## Bottstein v. Faust

*Carolyn S. Lasky,* for plaintiff.
*B. Craig Black,* for defendant.

DORNEY, *J.,* July 2, 1989 — This matter is before the court on a motion to dismiss complaint for support filed by defendant, John E. Faust. He asks us to dismiss plaintiff's recomplaint for support of two minor children for three reasons: (1) that on April 11, 1985, the court signed an order, pursuant to a written request by the plaintiff, Mary S. Bottstein, suspending the order of support previously entered by the court on June 24, 1981; (2) that plaintiff has failed to allege a substantial change in circumstances since the entry of the order on April 11, 1985, which would justify the court in reviewing and/or modifying that order, and, (3) that on April 11, 1985, pursuant to the agreement of the parties, the court terminated all custody orders with respect to the two children with the understanding that defendant released all privileges with regard to visitation rights or custody and plaintiff released all proceedings with regard to support of the children by defendant.

The history of this case has been thoroughly set forth by defendant in his brief, and stipulated to by plaintiff. The real issue is whether estrangement

caused by the custodial parent or child and prompted by a belief that the estrangement is in the best interest of the child, is a defense to an action for the support of minor children.

Defendant's argument that he is not obligated to support his two children is based on an agreement between him and plaintiff wherein plaintiff agreed not to file for child support in exchange for defendant's release of all privileges with respect to visitation rights or custody of the children. Pursuant to this agreement, the court terminated all custody orders which gave defendant rights of visitation. Defendant argues that the conduct of plaintiff in estranging the children from defendant by entering into the agreement and preventing any and all contact between the children and defendant, constitutes "extreme circumstances" warranting suspension of his obligation to provide child support. He cites *Commonwealth ex rel. Chila v. Chila,* 226 Pa. Super. 336, 313 A.2d 339 (1973), in support of this argument. However, *Chila, supra,* and the other cases cited by defendant in his brief, deal with concealment of the child or children by the custodial parent. The facts of those cases establish interference of such an extreme nature with the parent-child relationship that equity warranted a suspension of non-custodial parent's obligation to pay support. We do not find such an interference in the instant case.

Our appellate courts have held that the duty of a parent to support his/her children is well nigh absolute, and that parents will be relieved of that duty only in exceptional circumstances. *DeWalt v. DeWalt,* 365 Pa. Super. 280, 529 A.2d 508 (1987).

Furthermore, it is well established that a parent cannot bargain away the right of his or her child to seek adequate support from the other parent. *Commonwealth ex rel. McCartney v. McCartney,* 217

Pa. Super. 417, 274 A.2d 206 (1970); *Miesen v. Frank,* 361 Pa. Super. 204, 522 A.2d 85 (1987).

In this case, plaintiff bargained away the right of her two children to seek adequate support from defendant. The "consideration" was defendant's release of all rights of visitation or custody. We believe this consideration to be inadequate and, therefore, the agreement between the parties to be void as against public policy.* *Gorden v. Cutter,* 324 Pa. Super. 35, 471 A.2d 449 (1983).

We believe that defendant is obligated to support his two children and, accordingly, shall enter the following

## ORDER

And now, July 21, 1989, it is ordered and directed that defendant's motion to dismiss complaint for support is dismissed. We direct the Domestic Relations Section to schedule a conference to determine an appropriate amount of support.

---

* Our holding has the effect of restoring to defendant his rights under the Custody Act: Act of October 30, 1985, P.L. 264, 23 Pa.C.S. §5301, et seq.